BAILES, Judge.
Plaintiff-appellant, Mrs. Iris Mae Moore Newton, appeals from the judgment of the Family Court of East Baton Rouge Parish rendered herein on a rule for an increase in alimony brought by her against her former husband, the father of her three minor children.
Through action brought by plaintiff a judgment of separation from bed and board was rendered between the parties on November 6, 1958. A judgment of divorce was granted on January 22, 1960. Since the award of the judgment of separation from bed and board and until the judgment herein appealed was rendered, the defendant was under a judgment condemning him to pay to plaintiff the sum of Fifty Dollars per month for the support of the minor children. As a result of this action of the plaintiff for an increase in alimony, the trial court ordered defendant to pay monthly the sum of $75 for the support of the children. It is from this judgment that the plaintiff has appealed.
The obligation of parents to support children born of the marriage between them is based legally on the provisions of LSA-C.C. Article 227, which provides:
“Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.”
The definition of the needs of the children encompassed within the meaning of alimony is defined in LSA-C.C. Article 230. It provides as follows:
“By alimony we understand what is necessary for the nourishment, lodging and support of the person who claims it. It includes the education, when the person to whom the alimony is due, is a minor.”
Further, the Revised Civil Code of this state gives us the guide to use in determining how the amount of the award of alimony is calculated. Article 231 states:
“Alimony should be granted in proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.”
We deem the words wants to mean needs.
With these statements of the general law in mind, we will examine the record to apply this law to the facts.
In passing, we are constrained to state that the defendant in this proceeding, as well as in the trial court, was represented *577 in proper person. He filed no answer to the rule by which these proceedings were initiated, nor did he file any brief in this court. It is clear from a reading of the testimony that he was evasive and indefinite in answering questions which were asked for the purpose of eliciting information clearly within his knowledge. We are forced to conclude from his testimony that he was less than candid with the court in testifying on the hearing of this rule.
The uncontradicted testimony of the plaintiff, as to the needs of the children, is that the sum of $384.58 is required monthly to defray their living expenses. She itemizes these expenditures, as follows:
Food $160.00
Rent 74.00
Utilities 19.50
Telephone 6.04
Doctor bills 10.00
Dentist 10.00
Dry cleaning & shirts 36.00
Clothing & Shoes 60.00
Dancing lessons — Donna 9.00
Total $384.54
In addition, plaintiff lists the following sums as extra expenses for schooling for the school term 1665-66.
Ken $50.00
Donna 10.00
Bill 75.00
Total $135.00
The extra school expenses would amount to approximately $11.00 on a monthly basis.
The plaintiff testified that she was employed as a secretary in the New Orleans area for the weekly salary of $75.00. This would amount to about $333 per month. She further testified that her monthly living expenses amounted to $166.
The defendant testified that he was employed by the Newton Agency, Inc., a family corporation wholly under his control. The business of this company was the distribution of newspapers in the Baton Rouge area. Plaintiff, through her counsel, was unable to elicit from defendant the amount of his monthly salary; however, it was shown that during the year 1964 he reported an income of $2,820, and for the year 1965 he reported an income of $5,080. While it was not clear, it appears from his testimony that certain or some living expenses are paid from the earnings of the corporation and are not reported as income to defendant. He did state that during the months of January, February and March of 1966 he had a personal income of $800. It can be stated with definiteness that defendant’s income, insofar as reflected by this record is in excess of $400 per month.
At this time the defendant has remarried. At the time of his second marriage his newly acquired wife had three children, all of whom defendant has adopted and supports. His wife is a school teacher with an income of approximately $4,000 annually. Defendant, in his testimony, alludes to the fact that he spends all he earns supporting his present family and that for that reason he is unable to contribute to the support of the children of his first marriage. He testified that he and his present wife are now living under the community property regime and that he and his wife share the expenses of his household.
The trial judge did not assign any written reasons in fixing the amount of alimony at $75.00, an increase of $25.00 over the amount fixed in the judgment of 1958. It is our considered opinion that balancing the needs of these children with the financial ability of the father to pay, that plaintiff is entitled to be awarded for the children’s support, the sum of $125 per, month.
*578 The fact that the defendant, according to his testimony, has adopted and thereby incurred the obligation to support his present wife's three children does not in the least diminish the primary obligation of alimony due his first children.
In Laiche v. Laiche (1959) 237 La. 298, 111 So.2d 120, is found the case where a plaintiff sought to have an alimony judgment for the support of his children reduced on the ground that he had married again and now had a second wife and two step-children to support. In denying him the relief he was seeking, the Supreme Court said:
“[2] It is to be borne in mind that it is the primary obligation of plaintiff to support, maintain and educate his children (Article 227, Civil Code) and he was required by order of the court to meet that obligation by paying alimony to his first wife, who was awarded the custody of those children. Following the divorce, plaintiff had the right to make a new life for himself by remarrying and raising another family and he is not to be penalized for exercising this" unquestioned privilege. But he cannot be allowed to employ the costs and indebtedness he has incurred by reason of his second marriage as a basis for relief from the obligation he owes to the children of the first marriage. Indeed, any voluntary act by a parent which renders it difficult or impossible to perform the primary obligation of support and maintenance of his children cannot be countenanced as a ground for release, either wholly or partially, from the obligation.”
Also in the case of Walder v. Walder (1925) 159 La. 231, 105 So. 300, the court stated “ * * * The duty of the father to support his minor children is a continuing obligation. He cannot escape it.”
For the foregoing reasons the judgment of the trial court is amended to increase the monthly alimony due by the defendant to plaintiff for the support of said children from $75.00 per month to the sum of $125.-00, and in all other respects, the judgment appealed from is affirmed. Defendant to pay all costs of these proceedings.
Amended and affirmed.