BOLIN, Judge.
In 1962 Mrs. Blanchard obtained a judgment of separation from defendant, custody of their minor child, Robin Blanchard, and an award of $150 per month for the support of the child. A final divorce was rendered in 1963 and the amount of child support was continued at $150 per month. *514 Additionally, Mr. Blanchard was ordered to pay any extraordinary expenses incurred by the mother for the child. In May, 1967, the present suit was instituted seeking to have the court order Mr. Blanchard pay some alleged extraordinary medical expenses incurred by Mrs. Blanchard on behalf of Robin and, further, to have the amount of child support increased from $150 to $250 per month. From judgment rejecting plaintiff’s demands to increase the award for child support but ordering defendant to pay $297 to plaintiff for past due medical expenses for Robin and further ordering Mrs. Blanchard to advise Mr. Blanchard of any future medical expenses incurred for the child, plaintiff appeals. The only portion of the judgment complained of is the refusal to increase the child support.
The issue is whether an increase in the award of child support is justified.
The law is settled that an award of alimony for the support of a child is always subject to modification if there is any change in the needs of the child or in the ability of the father to pay. The person demanding an increase must, however, prove such an increase is warranted and the determination of whether this burden df proof has been met is within the sound discretion of the trial judge.
We think the district judge’s reasons for refusing to increase the award are sound and supported by the record. While it is true the amount necessary for the care and maintenance of the child has increased because of her age and the rise in the cost of living, the record reflects Mrs. Blanchard is now employed and Mr. Blanchard’s income has decreased since the award was originally fixed in 1963.
For the reasons assigned the judgment appealed from is affirmed and appellant is cast with the cost of this appeal.