DOMENGEAUX, Judge.
Mrs. Grace Cooke Steiner, wife of Allen Matthew Steiner, filed suit for separation from bed and board against her husband on the grounds of abandonment, cruel treatment and nonsupport, asking inter alia for alimony and custody of her two minor sons. The appeal in that case is under docket No. 3955 in this court. Subsequently and while that suit was pending, Allen Matthew Steiner brought suit for absolute divorce on the ground of two years’ separation and asked for custody of his minor son, Peter, who had been living with him. The appeal in that case is under docket number 3954 in this court. The two appeals were consolidated for trial and remained so on appeal.
While the suits were pending trial below the other son, Matt, had reached the age of majority but continued to reside with his mother. Mrs. Steiner answered his petition alleging that she was without fault and entitled to alimony. The trial court rendered judgment granting Mr. Steiner his divorce and Mrs. Steiner $225.00 per month in alimony. Also the father was awarded the permanent custody of the minor son living with him. From this judgment Mr. Steiner has perfected an appeal alleging that the lower court erred in awarding any alimony at all to Mrs. Steiner and in the alternative that it awarded too much.
The appellant relies on three allegations of error urged in the alternative. These are: 1) that Mrs. Steiner failed to meet the burden of proving that she was free from fault and therefore that the trial judge erred in awarding any alimony; 2) that Mrs. Steiner failed to establish that she lacked sufficient means for her support and that the trial judge erred m awarding alimony for this reason; and 3) that the amount of alimony awarded was excessive.
On the first assignment of error we need only look to the testimony of both appellant and appellee to see that the trial judge was correct in h,is conclusion. Ap-pellee wife testified that her husband abandoned the matrimonial domicile after suddenly and without previous warning or provocation asking her for a divorce. Appellant made no effort to contradict his wife’s assessment of the occurrence, save that he stated the separation to have come about by mutual consent, whereas her version is that she never wanted a divorce and that the separation was brought on only by the husband’s departure from their home after announcing his intention not to return. Thus the husband testified that:
, “There was no animosity, no words one way or the other. Just on a mutual consent.”
*128 While this is a contradiction of the wife’s allegation of abandonment, it certainly corroborates her disclaimer of any fault and we so accept it.
The wife not being at fault the court could in its discretion, under article 160 of our Civil Code, award her alimony not exceeding one-third of her husband’s income upon her demonstration of the need for it.
Appellee testified that she earns net pay of $346.00 per month and that her expenses total about $537.00 per month. The only other factor contributing to her economic welfare which is mentioned in the record is her receipt nearly three years ago of some $11,000.00, which sum represented her share of the proceeds derived from the sale of the community home. Of these $11,000.00 she had loaned a needy friend on a non-interest bearing basis the sum of $3,900.00, retained $3,000.00 in her possession at the time of trial, and spent the remainder.
Much is made by counsel for appellant of the fact that Mrs. Steiner has a major son living with her which accounts for part of her expenses. Thus appellant would have us divide in two all those expenses, such as housing, food, and cleaning bills, which Mrs. Steiner did not allocate as between herself and her son.
While we are mindful of the folly expressed in the old adage that “two can live as cheaply as one,” we are not prepared to say that two people living separately can live as cheaply as two people living together. Hence an arbitrary division of these expenses in half would belie economic reality. Further there is a hint, though a foggy one, in the record which indicates to us that there might be some question of the mental capacity of the eldest son. We find this revelation in the testimony of his obviously distraught mother who said:
“I feel that Matt does need to go to a psychiatrist. The boy is emotionally upset from the past, from the way we lived at home and all of this, he is completely miserable. He is twenty-one and his emotional maturity is about seventeen at best. He is certainly not a moron, he has a very bright mind, but he’s all mixed up in many ways.”
This aspect of the case was not followed through and we are therefore without benefit of sufficient evidence to give it much consideration, but we do consider it to be an indication of a need for support on the part of this major son. Further we are convinced by the fact that the alimony which the trial judge awarded to Mrs. Steiner when combined with her net income of $346.00 per month, exceeds by $34.00 her unallocated estimate of monthly expenses, that the trial judge considered the possible need of the major son in setting the amount of alimony. In doing so the trial court erred, for he should have limited himself to a consideration of the needs of Mrs. Steiner alone. If indeed her major son is in need of support because of a mental deficiency or for some other reason, he should seek this support by a separate action under article 229 of our Civil Code. We must therefore reduce the alimony award to conform to the amount needed by Mrs. Steiner, over and above her means, for her individual maintenance. In doing so we do not disregard Mr. Steiner’s income which insofar as can be determined from the record, is either $27,000.00 per year or $27,000.00 for two years. LSA-C.C. art. 160; Misko v. Capuder, La.App., 147 So.2d 661, and cases cited therein.
As stated hereinabove we do not think that a simple division by two of Mrs. Steiner’s unallocated estimate of her monthly expenses would result in a just figure, but to award her the entire amount of her estimate would result in an injustice to Mr. Steiner. It is therefore our conclusion in view of all the facts and circumstances of this case that an award of $125.00 per month would do substantial justice to the parties and would be neither excessive nor inadequate. This sum, plus her income, represents a figure only $66.00 *129 short of Mrs. Steiner’s estimate of her total, unallocated expenses and should certainly be sufficient for her own support.
For the foregoing reasons the judgment of the trial court is amended so as to reduce the award of alimony to Mrs. Grace Cooke, wife of Allen Matthew Steiner, from $225.00 per month to $125.00 per month and in all other respects the judgment is affirmed. Costs of this appeal to be borne by appellant.
Amended and affirmed.