236 So.2d 654 (1970)
David L. KAHN, Plaintiff-Appellee,
v.
Exie Rabun KAHN, Defendant-Appellant.
No. 11445.
Court of Appeal of Louisiana, Second Circuit.
May 26, 1970.
*655 Anthony J. Bruscato, Monroe, for defendant-appellant.
J. Carl Parkerson, Monroe, for plaintiff-appellee.
Before BOLIN, DIXON and WILLIAMS, JJ.
BOLIN, Judge.
David L. Kahn sued Exie Rabun Kahn for a separation from bed and board, on the grounds of abandonment and cruel treatment, and for custody of the three minor children born of the marriage. His wife answered and reconvened for a separation on grounds of cruel treatment. Mrs. Kahn also sought custody of the three minor children and alimony in the amount of $1,000 per month for her support and the support and maintenance of the children. Prior to trial the parties stipulated plaintiff would abandon his demand for separation and permit defendant to prove her demand for separation on grounds of cruel treatment; that she would be awarded custody of the two daughters, and the father would be awarded custody of the minor son. After trial judgment was rendered in accordance with the stipulation. Additionally, Mrs. Kahn was granted $175 per month for the support of the two daughters and $50 for her support. The judgment also required that Mr. Kahn maintain in effect eight life insurance policies having a total face value of $143,000. From this judgment Mrs. Kahn appeals seeking an increase in the alimony awarded for her support and the support of her two minor daughters.
The sole issue before this court is whether, from the record, an increase in the award is merited under Louisiana Civil Code Articles 148 and 231 and the jurisprudence interpreting these articles. Festervan v. Festervan, 197 So.2d 423 (La.App. 2nd, 1967).
In support of her claim for an increase Mrs. Kahn offered into evidence a list of monthly expenses far in excess of the $225 per month awarded by the court. In addition, she introduced a list of expenses which she contends were paid by Mr. Kahn over the last nine months of 1969 in the total sum of $5,313.31. Some of these expenses are corroborated by paid invoices offered in evidence; others are disputed by the husband.
*656 In opposition to the increase, Mr. Kahn contended his income was only about $600 per month. In support of his contention he offered into evidence his 1968 income tax returns, the correctness of which is not disputed. These returns show his gross income for 1968 to be $7,379.69. He testified his income for 1969 would be about the same. His explanation as to the amounts he allegedly gave to Mrs. Kahn in 1969 was that he had overspent and had gone into debt.
The record shows that upon the death of his father, plaintiff inherited one-half interest in the Kahn Insurance Agency. However, this interest is burdened with a usufruct in favor of his mother, and no evidence is contained in the record from which the court could determine the value of his interest and total income therefrom.
Although Mrs. Kahn is in need of support for herself and the two daughters of whom she has custody, Mr. Kahn and his son likewise require sufficient means for their maintenance and support. From Mr. Kahn's income of $600 per month the judgment requires that he pay defendant $225 per month, in addition to maintaining the eight insurance policies in effect. The award, as it relates to the needs of the wife and two daughters, was fixed in proportion to the means of the husband.
In this type of case the trial judge is vested with much discretion. Alimony pendente lite awarded a wife is, by its very definition, a temporary award. If the situation changes materially each party has a right to bring appropriate proceedings in order to have the amount reduced or increased. Festervan v. Festervan, supra. Likewise, although the alimony awarded for the support of these children is not temporary, it can be modified by the court if there is any change in the needs of the children or in the ability of the father to pay. Blanchard v. Blanchard, 209 So.2d 513 (La.App.2nd, 1968); Gay v. Gay, 226 So.2d 926 (La.App.2nd, 1969).
The judgment of the trial court does not reflect a determination as to the responsibility for the costs of these proceedings. Louisiana Code of Civil Procedure Article 2164 provides, in part:
"The appellate court * * * may tax the costs of the lower court or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable."
For the reasons assigned, the judgment appealed is affirmed, plaintiff-appellee to pay all costs, including the cost of this appeal.