PRICE, Judge.
This appeal stems from a rule filed by D. C. Bernhardt against his former wife, Anne Rieves Bernhardt, to show cause why alimony previously awarded to her in the divorce judgment should not. be reduced or terminated and child support payments reduced. Defendant-in-rule, Anne R. Bernhardt, answered praying for an increase in both payments.
In the divorce judgment alimony was set at $1,200 per month and child support at $300 per month. After the trial on the rule, judgment was rendered by the trial court ordering a reduction in the amount of alimony payable to Mrs. Bernhardt from $1,200 to $900 per month upon the following findings of fact:
(1). At the time the alimony was originally fixed at $1,200 per month, July, 1970, plaintiff’s average income was approximately $3,200 per month;
(2). During the 10 months immediately proceeding the hearing, this income had declined to approximately $2,000 per month as the result of the permanent loss of one or more sources of his income;
(3). The needs of the wife had not changed appreciably.
Plaintiff-in-rule appealed, alleging the court erred in finding that his former wife was entitled to alimony and that, in any event, the amount awarded is violative of La. Civil Code Article 160 as it exceeds one-third of the income of the husband as determined by the court. Bernhardt aban *344 doned his request to reduce child support payments during trial of the rule and no change was made by the trial court in this regard. Defendant answered the appeal, asking that the amount for child support be .increased.
The primary issue raised by Bernhardt in the trial court and on this appeal relates to Mrs. Bernhardt’s right to alimony under La. Civil Code Article 160. He contends she has sufficient means for her support under the definitions set forth by the Supreme Court in the case of Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969), and the line of cases cited therein. It should be noted, however, that the value of the assets owned by Mrs. Bernhardt at the time of the trial of the rule was substantially the same as the value of the assets she received from the settlement of the community of acquets and gains which took place prior to the rendition of the final divorce decree in which she was awarded the alimony. We think any question regarding whether Mrs. Bernhardt had sufficient means for her support and therefore would not have been entitled to alimony because of the assets received from the property settlement apparently was resolved by the divorce decree which granted her the alimony.
In the property settlement in July, 1969, she received the equity in the family home, an automobile, household furniture, savings accounts, bank stock and three life insurance policies. The only changes in her assets from the date of the judgment award-' ing alimony through the trial of this rule were a conversion of the equity in the residence to a cash amount of $18,000 and a reduction in her savings accounts of approximately $8,000. At the time of the trial of the rule her total deposits in savings were pnly $1,300. The sale of the home was in accordance with a stipulation of the property settlement agreement providing the residence was to be sold by Mrs. Bernhardt and the proceeds realized from its sale used to procure a less expensive home for her and the children. In accordance with the agreement the proceeds were placed in a joint account in the names of both parties pending acquisition of another home. Although on trial of the rule Mr. Bernhardt made a judicial waiver of any claim to the proceeds from the sale of the residence, we do not consider this to effect any substantial change in the circumstances of Mrs. Bernhardt. It was contemplated by the parties at the time of the execution of the property settlement agreement she would have the proceeds from the equity of the former home to use in providing herself and the children a suitable residence. She testified she intends to use these funds for this purpose in accordance with the agreement.
The evidence also shows Mrs. Bernhardt continues to be unemployed and has no fixed income other than stock dividends of approximately $230 per year and a temporary scholarship payment at Northeast Louisiana University which expired in May, 1972.
Although there has been no showing of a change in the needs of Mrs. Bernhardt or the children which would justify a reduction, there is sufficient evidence in the record to substantiate the trial judge’s finding that Bernhardt has suffered a loss of income since the original judgment fixing alimony and is entitled to some relief. Plaintiff’s income from his law practice from April, 1971, until the rule was filed in early November, 1971, was under $2,000 per month, and for the period April, 1971, through the date of the hearing it was something just over $2,000 per month. His $500 per month salary from Bernhardt Realty Company was terminated as of March 1, 1971, and while he withdrew money from a Toyota dealership owned by him for some three months in 1971 as salary, this source is now unavailable due to business reverses.
The trial judge on the basis of these changes in Bernhardt’s income ordered a *345 reduction in the alimony of $300 per month and made no change in the amount of child support payments.
As the trial court has much discretion in fixing the amount of alimony and child support, we should not disturb its findings unless there is an abuse of this discretion. Moore v. Moore, 256 So.2d 782 (La.App. 4th Cir. 1972); Kahn v. Kahn, 236 So.2d 654 (La.App. 2d Cir. 1970).
The second issue raised on appeal relates to Mrs. Bernhardt’s contention that she is entitled to an increase in child support payments. The father has an obligation to maintain his children in the same standard of living as they would be accustomed to if living with the father. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Gay v. Gay, 226 So.2d 926 (La.App.2d Cir. 1969).
We think the original award of $300 for both children is somewhat unrealistic. It is apparent from the testimony of the parties on trial of the rule that by agreement the total amount awarded Mrs. Bernhardt for herself and the children was prorated in a manner to allocate substantially all of the award to alimony for her to effect a federal income tax advantage for Bernhardt.
In addition, according to the testimony, the needs of the children have not diminished, but to the contrary have increased since the date of the original award. One son now attends college and the other a private school. Mrs. Bernhardt submitted an itemized list of expenses for the maintenance of the two minor children during the preceding ten months which reflects she spent an average monthly amount of approximately $650 on their behalf.
An issue has been raised in brief as to the effect Act 98 of the 1972 Regular Session of the Louisiana Legislature, emancipating persons 18 years of age, has on the right of the mother to maintain an action against the father for support of a 19 year old. As the judgment under consideration on this appeal was rendered prior to the effective date of this statute, we do not consider it to have any effect on this proceeding. The issue may be resolved by appropriate proceedings initiated in the trial court.
The trial judge determined Mr. Bernhardt had the ability to pay alimony and child support in the sum of $1,200 per month. We find no error in his determination. However, the amount of $900 per month fixed for alimony exceeds one-third of $2,000, Mr. Bernhardt’s monthly income as determined by the trial judge. This award should therefore be reduced to $650 per month to comply with the mandate of La. Civil Code Article 160.
We think the evidence shows the need for an increase in the amount of child support payments. It appears that the additional sum of $250 per month would more adequately meet the needs of the children and would .be within Bernhardt’s total ability to pay as determined by the trial judge.
For the foregoing reasons the judgment appealed from is hereby amended to reduce the alimony payable to Anne Rieves Bernhardt to the sum of $650 per month, and further amended to increase the amount awarded to her for the support of the two minor children to the sum of $550 per month, and as amended, the judgment appealed from is affirmed.
All costs of this appeal are to be paid by appellant.