272 So.2d 394 (1973)
Myrtis Rush HARGROVE, Plaintiff-Appellee,
v.
Quentin William HARGROVE, Defendant-Appellant.
No. 11991.
Court of Appeal of Louisiana, Second Circuit.
January 9, 1973.
*396 Joseph R. Bethard, Shreveport, for appellant.
Pugh & Nelson, by Sydney B. Nelson, Shreveport, for appellee.
Before BOLIN, HEARD, and HALL, JJ.
HEARD, Judge.
Myrtis R. Hargrove and her husband, Quentin W. Hargrove, were judicially separated by judgment rendered December 3, 1971, from which no appeal was taken. Prior to trial of the separation suit, and in answer to Mrs. Hargrove's rule for alimony pendente lite for support of herself and their two minor sons, John Quentin Hargrove and Frank Ray Hargrove, a consent judgment was rendered on October 26, 1971. Under its terms Hargrove was to pay (1) $600 per month for the support of his wife and $150 per month for each of his sons; (2) all necessary taxes, insurance and repairs on the family home of which Mrs. Hargrove was given the use, and the appliances therein; (3) all medical bills incurred by Mrs. Hargrove and their sons; and (4) income taxes due on alimony payments received by Mrs. Hargrove for the year 1971.
Following the judgment of separation a petition to judicially partition the community property was filed by Hargrove. A compromise was reached by joint agreement dated and carried out in February, 1972. This agreement gave Mrs. Hargrove full ownership of the family home and the responsibility for its repairs, superceding the October 26, 1971 consent judgment only in respect to these matters.
Alleging Hargrove had not paid and refused to pay certain medical bills incurred since October 26, 1971, Mrs. Hargrove filed a rule for contempt in January, 1972. Hargrove then filed a rule to show cause alleging that he had agreed to pay only expenses for hospitalization or major medical costs, and the consent judgment was not in accordance with this agreement and should be corrected. These rules were never tried.
The present action before the court was precipitated in March, 1972, when Hargrove filed a rule to show cause why the consent judgment should not be set aside as his income had become insufficient to make the required payments, while his wife had cash and property out of the partition sufficient to support herself, and their sons would soon reach majority and until then each had sufficient means to support himself and complete his education. Mrs. Hargrove filed an anwer and her own rule asking that her support and child support be raised, that Hargrove be required to pay medical bills he had refused to pay, and that he pay her one-half of the proceeds received from the sale of some Naremore Drug stock. She filed a later rule asking that Hargrove be ordered to pay one-half of the proceeds of dividends declared and paid him on shares of Gulf Oil and Inland Steel stock. The Naremore Drug stock question was settled before trial.
All the rules were tried together. The trial court amended the prior judgments fixing alimony pendente lite ordering Hargrove to continue paying Mrs. Hargrove $600 per month alimony pendente lite and $150 per month for the support of John Q. Hargrove; awarded her custody of John Q. Hargrove, ordered Hargrove to pay $201.50 for medical expenses and $125 which is one-half of the dividends received *397 from Gulf Oil and Inland Steel. The trial court further reinstated that part of the original consent judgment ordering Hargrove to pay all medical bills incurred by Mrs. Hargrove and the minor child, and all necessary taxes and insurance on the family home during the pendency of the suit. Hargrove was also held no longer obligated to pay for repairs to the family home or for the support of his son, Frank R. Hargrove, who is 21 years old.
Only defendant Quentin Hargrove has appealed and seeks reversal of this judgment in the following respects: the awards of alimony, child support, custody, and medical expenses should be annulled and set aside. He further seeks to have the judgments ordering him to pay taxes and insurance on the family home and the one-half of the dividends in question be annulled and set aside.
Hargrove's first contention is that the alimony pendente lite award be set aside because Mrs. Hargrove's share of the community property is more than adequate to provide her support. Smith v. Smith, 217 La. 646, 47 So.2d 32 (1950) and Montz v. Montz, 253 La. 897, 221 So.2d 40 (1969) are cited as authority for this contention. Both the cases and the argument are not applicable to this case. The instant case deals with alimony pendente lite and is thus governed by LSA-C.C. Art. 148, which provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
The test and controlling factor provided by the article is the measure of the wife's income, and only after a final divorce has been granted does the amount of the assets of the wife, including her share of the community property, become material under LSA-C.C. Art. 160. McMath v. Masters, 198 So.2d 734 (La.App. 3d Cir. 1967). Smith and Montz, supra, both dealt with alimony after a final divorce was granted. From the evidence adduced it is clear that while Mrs. Hargrove has some income from stocks and other sources, it is not sufficient for her maintenance, and regardless of her means, she is entitled to alimony pendente lite. In the assessment of the amount of alimony pendente lite the trial court is vested with considerable discretion and it will not be overturned unless there is an abuse thereof. Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1st Cir. 1972). The trial judge heard and considered the evidence presented by both parties as to her income and his ability to pay and rendered judgment consistent with it which we will not disturb.
Hargrove's contention as to the award for medical bills is without merit. There is no evidence in the record to show that the consent judgment of October 26, 1971 was incorrect in providing that he pay such bills, and it must stand as written. The absence of supporting doctors' statements or the fact that Mrs. Hargrove may have sufficient means to pay are of no consequence.
As to the judgment ordering Hargrove to pay all taxes and insurance on the family home given to Mrs. Hargrove, the trial court correctly concluded that the community property settlement subsequent to the judgment for alimony pendente lite contemplated that the judgment remain in effect, except as modified by the settlement. While the settlement clearly states that Mrs. Hargrove is to assume the responsibility for repairs, it did not relieve him of the burden of paying the taxes and insurance. The trial court's ruling is correct.
Hargrove further contends that his wife is not entitled to one-half of the dividends declared by Gulf Oil and Inland Steel *398 before the property settlement and paid after its execution. LSA-C.C. Art. 155 states that the judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the petition was filed. The community was thus dissolved as of October 19, 1971. The parties then became co-owners in indivision of the dividends received by Hargrove and he is accountable to his wife for her one-half undivided share. Messersmith v. Messersmith, 229 La. 495, 86 So.2d 169 (1956). As to the order to Hargrove to pay his wife one-half the disputed dividends, the judgment of the lower court is also correct.
The last issue raised is the effect of Act 98 of the 1972 Regular Session of the Louisiana Legislature, amending LSA-C.C. Art. 37 to make persons 18 years of age and older, adults, and fully emancipated, on the custody and child support awards made to Mrs. Hargrove for their 20 year old son, John Quentin Hargrove. In the case of Bernhardt v. Bernhardt, 271 So.2d 342 (La. App.2d Cir. decided Nov. 28, 1972) we held that this issue be resolved by appropriate proceedings in the trial court. In the instant case we feel that the interest of justice would better be served by terminating the custody and support of John Quentin Hargrove as of July 26, 1972. Should he consider himself entitled to further support under the general right to support statute, LSA-C.C. Art. 229, he may bring an action therefor in his own right. Fellows v. Fellows, La.App., 267 So.2d 572 (3d Cir. 1972); Steiner v. Steiner, La.App. 235 So.2d 126 (4th Cir. 1970).
For the reasons stated, the judgment of the trial court is amended, and as amended affirmed at appellant's cost.
HALL, Judge (concurring in part and dissenting in part).
I agree with and concur in the majority opinion insofar as it affirms the judgment of the district court on all the issues tried and decided in the district court.
My only point of disagreement is with the amendment of the judgment to terminate custody of and child support for the twenty year old son as of the effective date of Act 98 of 1972, amending LSA-Civil Code Article 37. This may be a technical procedural point of no real significance. Nevertheless, it is my view that this court's role on this appeal is to review the correctness of the district court's judgment as of the date it was rendered, which was prior to the effective date of Act 98 of 1972. Our decision is that the judgment was correct in all respects and, therefore, our decree should be to affirmperiod.
The effect of Act 98 of 1972, which became effective after the judgment was rendered, is not properly before us and, in any event, does not bear on the correctness of the judgment appealed. If any judicial action by the defendant is necessary or available because of the new act, it should be commenced at the district court level, as we so held in Bernhardt v. Bernhardt, 271 So.2d 342 (La.App. 2d Cir. 1972).
It is to be noted that in Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir. 1972), cited in the majority opinion, although the court acknowledged that child support for a twenty year old, incidental to a divorce judgment, should be terminated as of the effective date of the act, the court affirmed and did not amend or modify the district court's judgment.
I respectfully dissent in part.