275 So.2d 456 (1973)
Jack Tom JACKSON, Plaintiff-Appellee,
v.
Betty Jean JACKSON, Defendant-Appellant.
No. 12032.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
*457 Hayes, Harkey, Smith & Cascio by Haynes L. Harkey, Jr., Monroe, for defendant-appellant.
Jones, Blackwell, Chambliss, Hobbs & Henry, by Murphy Blackwell, Jr., West Monroe, for plaintiff-appellee.
Before AYRES, PRICE and HALL, JJ.
HALL, Judge.
This is a suit for reduction of alimony and child support brought by plaintiff, Dr. Jack Tom Jackson, against his former wife, Betty Jean Baucum Jackson, defendant. The parties were divorced in May, 1965, and Mrs. Jackson was granted custody of the four children of the marriage, John Edgar, Jennifer, Patrick Woodward and Amy Katherine and was awarded the sum of $1,400 per month for the support of herself and the four children.
In November, 1968, plaintiff was granted custody of John Edgar Jackson and the original award was reduced from $1,400 per month to $1,200 per month for the support of Mrs. Jackson and the three children remaining in her custody.
The present suit was instituted by plaintiff in 1971, seeking a further modification of the award based on alleged changes in circumstances. Defendant reconvened for an increase in the award. The district court found that changes in circumstances had occurred since the November, 1968 judgment and reduced the award from $1,200 per month to $600 per month for the support and maintenance of Mrs. Jackson and the one child, Amy, age 13, who was still living at home with Mrs. Jackson. The district court's opinion was based on the following changes in circumstances: (1) Defendant was not previously employed but now is head librarian of Caldwell Parish, earning $4,800 per year plus travel expenses; (2) A trust fund established in accordance with the first judgment is now providing an income of approximately $1,500 per year each for Patrick and Jennifer; (3) Jennifer, born April 7, 1950, is now 22 years of age, has income from the trust fund, and is not living at home with her mother; (4) Patrick, born November 13, 1952, is presently 19 years of age and no longer a minor under the 1972 act amending LSA-Civil Code Article 37, has income from the trust, and is not living at home with his mother; and (5) Amy, born June 29, 1959, now 13 years of age, is the only child still living with defendant.
From judgment rendered accordingly, Mrs. Jackson perfected this appeal. We affirm the decision of the trial court.
Plaintiff introduced evidence of several changes in the defendant's financial situation that had improved her financial position since the judgment in 1968. First, defendant acquired a masters degree in library science and obtained employment as head librarian of the Caldwell Parish Library System, working three days a week for an annual salary of $4,800. Second, an educational trust fund of $20,000 which had been established for the four children through payments by Dr. Jackson in accordance with provisions of the 1965 divorce decree went into effect since the 1968 proceedings and the children in college were receiving money from the trust. Third, both of the children in college, Patrick and Jennifer, had income from scholarships and part-time employment, thus, reducing their financial reliance on Mrs. Jackson.
Defendant countered with evidence and argument that she had additional financial *458 expenses in that two of the children, Jennifer and Patrick, were in college and would need additional funds besides those provided in the trust fund in order to complete their college education. Mrs. Jackson also contended she had additional financial burdens including a rise in the cost of living since 1968, necessity of purchasing a new car for her job, and payment of premiums for life insurance on plaintiff's life formerly paid by plaintiff.
In the district court and in briefs before this Court, the parties place emphasis on the issue of the expenses commensurate with a college education and what portion of these expenses the plaintiff should be obligated to pay. However, the primary issue presented to this Court is not whether a father must pay support for a college education but rather whether a father is obligated to pay any amount at all to his former wife for the support of children who are no longer minors. At the present time, Jennifer is 22 years of age and Patrick is 20. Act 98 of the Regular Session of the 1972 Louisiana Legislature amended and reenacted Civil Code Article 37 and became effective July 26, 1972. The amendment now makes Article 37 read as follows:
"Art. 37. Age of majority.
"Art. 37. Persons of the age of eighteen years shall be considered of full age and until they attain that age, shall be minors. A person who is eighteen years of age or older shall be regarded as being fully emancipated, shall be considered adults and shall have the same rights, duties, responsibilities and capacities as persons who are twenty-one years of age or older."
It is clear that Jennifer and Patrick are now of full age of majority under Louisiana law and if the plaintiff owes either of them support, an action to enforce such obligation under LSA-Civil Code Article 229 must be brought by them individually, and not by Mrs. Jackson. Hargrove v. Hargrove, 272 So.2d 394 (La.App. 2d Cir. 1973); Bernhardt v. Bernhardt, 271 So.2d 342 (La.App. 2d Cir. 1972); Fellows v. Fellows, 267 So.2d 572 (La.App. 3d Cir. 1972); Steiner v. Steiner, 235 So.2d 126 (La.App. 4th Cir. 1970).
The present suit was tried on May 4, 1971, and judgment was rendered on October 4, 1972, reducing the alimony and support award effective October 1, 1972. The case was tried prior to the amendment to Article 37 and judgment was rendered subsequent to the Act going into effect. The trial judge correctly applied the latest expression of the law to the case by basing his decision as to support for Jennifer and Patrick on the amendment to Article 37. Likewise, this court must decide this appeal by applying the law as it now exists and not on the basis of what the law may have been at the time of the trial of the case. It is the duty of an appellate court to adjudge a case before it in accordance with the law existing at the time of its own decision, even if it requires reversing a judgment that was entirely proper at the time of its rendition. Fullilove v. United States Casualty Company of New York, 129 So.2d 816 (La.App. 2d Cir. 1961). The relief granted in this case is within the scope of the pleadings and it is the duty of the court to render such judgment as is proper and does justice to the parties. LSA-Code of Civil Procedure Article 2164. This case presents no problem of retroactive application of the statute or impairment of substantive or vested rights, but deals with rights of the parties after the effective date of the statute.
In the instant case, defendant has no right of action against plaintiff for child support for Jennifer and Patrick since both children are no longer minors. She does, however, still have a right to receive alimony for the support of herself and her 13 year old daughter.
The remaining issue to be resolved is whether the trial court's award of $600 *459 per month for the support and maintenance of defendant and her minor daughter is a proper award. A trial court has much discretion in fixing alimony and child support and the award will not be disturbed unless there is a clear abuse of this discretion. Bernhardt v. Bernhardt, supra; Moore v. Moore, 256 So.2d 782 (La.App. 4th Cir. 1972); Kahn v. Kahn, 236 So.2d 654 (La. App. 2d Cir. 1970).
The record reflects Dr. Jackson had an annual adjusted gross income of $48,207 in 1968, $64,163.14 in 1969, and $52,816.69 in 1970. During this same time period Mrs. Jackson obtained additional income from her new employment at a rate of $4,800 per year. She also receives several hundred dollars a year in the form of oil royalties and interest income which she was receiving at the time of the previous judgment. However, this income alone is insufficient to support a home for herself and her minor daughter, particularly in light of the plaintiff's financial ability to pay. The plaintiff has an obligation to maintain his minor children in the same standard of living as they would be accustomed to if living with the father and the fact that the parents are divorced should not diminish these advantages. Wilmot v. Wilmot, 223 La. 221, 65 So.2d 321 (1953); Gay v. Gay, 226 So.2d 926 (La.App. 2d Cir. 1969).
Plaintiff contends that he has since remarried and has two children by this second marriage and the added expense of his second family should be considered in determining the child support award.
The jurisprudence is well settled that the primary obligation of the father is to support, maintain and educate his children from his first marriage and although he has the right to remarry, he may not be allowed to assert the second marriage as a basis for relief of the obligation he owes to the children of the first marriage. Newton v. Newton, 196 So.2d 575 (La.App. 1st Cir. 1967); Meyers v. Bohrer, 176 So. 2d 3 (La.App. 3d Cir. 1965); Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). However, the necessary living expenses associated with the second family is a factor that may be considered in fixing the support due the children of the first marriage. Morace v. Morace, La.App., 220 So.2d 775, writ refused, 254 La. 287, 223 So.2d 410.
A close review of the evidence as to the needs of the defendant and her minor daughter as compared with the plaintiff's ability to pay shows no abuse of the great discretion granted the trial judge in fixing this award at $600 per month, and, therefore, it will not be disturbed by this court.
For the reasons assigned, the judgment of the district court is affirmed, at the cost of defendant-appellant.
Affirmed.