286 So.2d 416 (1973)
Mrs. Ruth Richards VAUGHAN
v.
Fred King VAUGHAN, M.D.
No. 5743.
Court of Appeal of Louisiana, Fourth Circuit.
November 30, 1973.
*417 Tucker & Schonekas, Gibson Tucker, Jr., New Orleans, for plaintiff-appellee.
Racivitch & Wegmann, William J. Wegmann, New Orleans, for defendant-appellant.
Before GULOTTA, J., and GAUDIN and ZACCARIA, JJ. Pro Tem.
GULOTTA, Judge.
This is an appeal by a defendant husband from an alimony pendente lite award in favor of plaintiff wife in the amount of $800 per month. No issue as to child support is presented since no children were born of the marriage. It is the husband's contention that illness has reduced his income to $1,000 per month. While acknowledging an estate with a net value of $105,700, defendant claims the assets comprising his estate are not liquid.
The husband in this case is a medical doctor who suffered a stroke on July 31, 1971. As a result of the illness, Vaughan became totally incapacitated for a period of five months, during which time he was hospitalized for eleven weeks.
If Doctor Vaughan's financial condition were accurately reflected by the income from his medical partnership alone, there would clearly have been an abuse of discretion by the trial judge in awarding Mrs. Vaughan $800 per month in alimony pendente lite. However, limiting the inquiry to Doctor Vaughan's medical income does not reveal the entire picture. It is uncontradicted that Dr. Vaughan has gross total assets in the amount of $435,000. Included in his estate are real estate located in Luling, Louisiana, valued at $65,000; a home and lot in Audubon Place, New Orleans, for which Dr. Vaughan has received an offer to purchase for the sum of $170,000 not including furnishings valued at $50,000; two other pieces of real estate, both valued at $28,000; and finally a 15 percent interest in real estate in Mississippi, valued at $21,000. It is also not controverted that Dr. Vaughan's interests in real property are heavily encumbered. He has total outstanding liabilities in the amount of $329,300. Nevertheless, his net worth is valued at $105,700.
The jurisprudence of this state has consistently held that, in assessing the amount of alimony pendente lite, the entire financial condition of the husband must be examined. The inquiry is not complete by merely looking at the income of the husband. King v. King, 255 So.2d 225 (La. App.1st Cir. 1971); Browsky v. Silverman, 184 La. 977, 168 So. 121; Viser v. Viser, 179 So.2d 672 (La.App.2nd Cir. 1965).
When we consider Vaughan's total finances, both income and assets, and the admittedly lavish standard of living to which the Vaughans were accustomed prior to the separation, we cannot conclude that the trial judge abused his discretion. Finally, we find no merit in Vaughan's contention that his assets are not liquid and, therefore, cannot be considered in determining the amount of the alimony award. Clearly, there is no showing that *418 his assets are not liquid. We find, therefore, no necessity of considering the legal aspect of this contention.
Accordingly, the judgment is affirmed.
Affirmed.