HALL, Judge.
This appeal by the defendant-husband is from a judgment on a rule awarding alimony pendente lite for the support of the plaintiff-wife and her four and one-half month old child in the sum of $500 per month, prorated $125 per month for support of the minor child and $375 per month for support of plaintiff. Defendant appealed asking that the award be reduced, particularly the amount awarded for support of plaintiff.
A trial court has much discretion in fixing the amount for alimony and child support and that award will not be disturbed unless there is a clear abuse of this discretion. Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir. 1973); Bernhardt v. Bernhardt, 271 So.2d 342 (La.App. 2d Cir. 1972).
The applicable statutory provision is LSA-C.C. Art. 148:
“If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband.”
Defendant attacks the itemized list of living expenses testified to by plaintiff. Her list of expenses was based on the manner and standard of living enjoyed by her while plaintiff and defendant were living together. At the time of trial of the rule, plaintiff did not have an automobile or expense connected with it, since defendant had possession of the El Dorado Cadillac owned at the time the parties separated. Plaintiff did not have rent to pay since she was living with her parents after the separation — not having sufficient money to do otherwise. Nevertheless, her testimony supports the amount awarded as needed in order to maintain herself and her child during the pendency of the litigation in the manner to which they were accustomed prior to the separation. She is not employed and has no other income.
Defendant, owner of a retail liquor business, had taxable income of $15,333 for 1973. During the first five months of 1974, his net profit from the business was $11,620.18, an average of $2,324 per month. He has some business debts and personal living expenses, but has the means to pay the amount awarded by the trial court.
The award may be on the high side but is reasonably proportioned to the needs of plaintiff and the child and the means of defendant. The award is within the range of the trial court’s discretion.
For the reasons assigned, the judgment of the trial court is affirmed at appellant’s costs.
Affirmed.