316 So.2d 803 (1975)
Ellen Watson FUORI
v.
Michael A. FUORI.
No. 10103.
Court of Appeal of Louisiana, First Circuit.
May 19, 1975.
*804 Keith M. Whipple, Houma, for appellant.
Lloyd T. Bourgeois, Houma, for appellee.
Before LANDRY, BLANCHE and YELVERTON, JJ.
LANDRY, Judge.
This appeal by defendant (Husband) is from a judgment awarding plaintiff (Wife) alimony pendente lite. We affirm.
After perfecting the instant appeal by timely posting bond, Husband did not file a brief in this court. When the case was called for oral argument counsel for Husband appeared and was informed that under the rules of the Court the right to oral argument had been forfeited. Counsel was allowed a delay in which to file a brief herein but has not chosen to do so.
Under the circumstances, we have reviewed the record and find that the trial court awarded the Wife alimony pendente lite in the sum of $858.80 monthly payable, in bi-monthly sums of $429.40, on the 5th and 20th of each month commencing April 17, 1974. The trial court also awarded the Wife monthly rental of $200.00 realized from a duplex residence owned by the parties and bearing municipal number 144 Grant Avenue, Farmingdale, New York.
Appellant is employed by Texaco, Inc., as an airplane pilot. During the calendar year Appellant grossed $30,938.66 from his occupation. He has a $10,000.00 account in a savings and loan association and two checking accounts in the sums of $10,000.00 and $1,603.03, respectively. In addition to monthly withholding for state and federal income taxes and retirement benefits, Appellant withholds $240.00 per month for the purchase of Texaco, Inc., stock which he owns in an indeterminate amount.
The trial court found that after all deductions, Appellant has a net take home pay of $1,717.60. The lower court divided this amount equally between the parties and awarded plaintiff the rental from the New York property, in addition. The trial court's reasons for judgment indicate that he considered the total awarded Mrs. Fuori was required to meet her established needs.
It is well settled that trial courts are vested with considerable discretion in fixing awards for alimony pendente lite and that such an award will not be disturbed on appeal in the absence of a showing of a clear abuse of said discretion. Bernard v. Bernard, La.App., 300 So.2d 499; Tuminello v. Tuminello, La.App., 308 So.2d 806. We find no abuse of the trial court's discretion in this instance.
The judgment is affirmed at Appellant's cost.
Affirmed.