318 So.2d 625 (1975)
Donnie Lonnie FRAZIER, Defendant-in-Rule-Appellant,
v.
Gracie Diane FRAZIER, Plaintiff-in-Rule-Appellee.
No. 12676.
Court of Appeal of Louisiana, Second Circuit.
September 3, 1975.
Jones, Blackwell, Chambliss, Hobbs & Henry, by Sam O. Henry, III, West Monroe, for appellant.
Gracie Diane Frazier, in pro. per.
Before BOLIN, HALL and MARVIN, JJ.
BOLIN, Judge.
Plaintiff-in-rule, divorced wife of defendant-in-rule, caused a rule to be issued against her former husband ordering him to show cause why the amount of child support for the minor, Lonnie Christopher Frazier, should not be raised from $10 per week, which was fixed in the judgment of final divorce, to $175 per month. Plaintiff-in-rule alleged the amount required for supporting the child had increased and the father's ability to pay had correspondingly increased. The lower court awarded the mother $160 per month as support for the child and the father appeals. We affirm the judgment.
*626 On appeal the father does not contend the lower court erred in increasing the award of child support but merely that the amount is excessive.
In June, 1973, Frazier sued for and obtained a divorce from Gracie Diane Frazier on the ground of having lived separate and apart for two years without reconciliation. In the petition for divorce, the father recognized the mother's right to custody of Lonnie Christopher who was the only child of the marriage. He also admitted his obligation to support the child and suggested the sum of $10 a week be fixed as support. Judgment was entered in accordance with this suggestion. At that time the father's gross wage was $68 per week.
Both parties testified as to their income and living expenses. Mrs. Frazier stated the child, who was under two years of age at the time of the divorce, had a medical problem which had necessitated extensive testing by a number of specialists. The condition was diagnosed as neurological in nature. It is manifested by seizures and convulsions which can be controlled only by daily medication. The child's condition requires he take a special milk formula which costs approximately $10 a week. Further, the mother has been advised that when Lonnie Christopher reaches four years of age he should be given additional brain tests to determine the exact nature and extent of his problem. She estimated his minimum expenses for shelter, food, clothing and medicine at about $175 a month.
From the time of the divorce until the hearing on the rule the mother and child had lived with the mother's parents in very crowded conditions. During this period the parents have given whatever financial aid they could afford. Mrs. Frazier had attended business school under a federally funded education grant but was unemployed at the time of trial. Her mother, who cared for the child while Mrs. Frazier attended school, has been recently diagnosed as suffering from cancer and is unable to work. Mrs. Frazier's father is unemployed.
Neither of the parties had remarried at the time of the hearing on the rule. Frazier stated his regular hourly wage was $3.33 and his take-home pay averaged $110 per week. The payroll clerk for the employer of defendant-in-rule testified Frazier's average gross weekly wage for eight months preceding the date of the hearing was $172.00.
Frazier estimated his monthly expenses at $352, which included $100 a month for food, $60 for rent, $40 for gasoline and cigarettes, and three or more payments to finance companies or collection agencies.
Appellant's opposition to the increase centers largely on his claim that Mrs. Frazier would benefit by any funds provided for the child's shelter in that money applied house the mother also. He states his former wife is presently living with her parents where she has no rent obligation, and "there is no indication that she is not welcome to continue living with her parents." Although he expresses a willingness to increase his support payments to $94 per month, which is the projected cost of food, clothing and medicine for his son, he is not willing to pay for shelter.
Article 227 of the Louisiana Civil Code provides:
"Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."
Louisiana Civil Code Articles 230 and 231 state this duty to support a child of the marriage extends to whatever is "necessary for the nourishment, lodging and support" of the child and shall be granted in "proportion to the wants of the person requiring it, and the circumstances of those who are to pay it."
In fixing an amount for a parent to pay for the support of his child under *627 the aforesaid Civil Code articles, the trial judge is granted much discretion and the award will not be disturbed unless there is a clear abuse of this discretion. Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir. 1973) and cases cited therein.
From our review of the record we find that Frazier's average gross weekly wage at the time of trial was approximately $172.00; that Mrs. Frazier was unemployed; that while plaintiff-in-rule and her child were living in the same household with her unemployed parents, this fact should not excuse the husband from contributing something for the expense of this lodging; that the amount required for the nourishment, lodging and support of the minor, Lonnie Christopher Frazier, exceeds $160 per month.
We find no abuse of discretion by the trial judge. To the contrary, there is substantial evidence to support his ruling. Accordingly, the judgment is affirmed at appellant's cost.