SMITH, Judge.
This is an appeal from a judgment of the lower court reducing the amount of support received by the mother of three young children from their father.
In March of 1974 Sherry Ann McDonald filed a suit for a legal separation from her husband, Hugh Stephen McDonald, based on abandonment and cruelty. She was awarded $90 per week pendente lite support for herself and the three minor children of the marriage. In- April of 1975, Mrs. McDonald filed suit for final divorce, praying for continuance of the $90 per week support payment. Mr. McDonald answered alleging that the $90 per week was unreasonable and excessive.
After a trial on the merits, judgment was rendered awarding Mrs. McDonald a divorce, custody of the three minor children of the marriage, and $60 per week child support. It is from that portion of the judgment awarding child support that Mrs. McDonald has perfected this appeal.
There is no dispute as to the circumstances surrounding this litigation. Mr. McDonald is a coach and teacher at a private school in the Shreveport area. His net salary is $132 per week or $572 per month.[1] As a benefit of his employment he is allowed to live on the school grounds in an apartment with one room and a bathroom. He is allowed the use of a school truck but must furnish his own gasoline and maintenance. He is given some lunches at the school and medical insurance is provided for him at no cost. He has earned some supplementary amounts on an irregular basis by acting as a substitute bus driver.
Mr. McDonald estimated his monthly expenses at $140 which included $40 a month for transportation, $80 a month for food, $10 a month for clothes, and $10 a month for personal grooming.
Mrs. McDonald is employed as a secretary. Her salary after deductions is $449.-42 per month. This is supplemented by a monthly Social Security benefit of $122.67 for one of the children who has a birth defect. Mr. McDonald has relinquished to his former wife all rights in the community of gains which included a. three bedroom home and furnishings. Mrs. McDonald has assumed the obligations of the community. She submitted a very detailed list of expenses for herself and the children totaling $1,148.96 per month.[2]
Article 227 of the Louisiana Civil Code sets forth the obligation of both the father and the mother to support their children. Articles 230 and 231 state this duty to support children of the marriage extends to whatever is “necessary for the nourishment, lodging and support” of the child and shall be granted in “proportion to the wants of the person requiring it, and the circumstances of those who are to pay it.” Frazier v. Frazier, 318 So.2d 625 (La.App., 2d Cir. 1975).
The trial judge must examine the needs of the children and the situation of those responsible for their support. In fixing an amount for a parent to pay for the support of his children, the trial judge is granted much discretion and the award will not be disturbed unless there is a clear abuse of discretion. Frazier, supra; Jackson v. Jackson, 275 So.2d 456 (La.App., 2d Cir. 1973).
We find no abuse of- discretion by- the trial judge. Accordingly, the judgment is affirmed at appellant’s cost.
Affirmed.

. Assuming 4.333 weeks per month.

. After correction for miscalculated “maid, sitter and/or nursery school” expense.