329 So.2d 778 (1976)
Patricia Defatta LEWIS, Plaintiff-Appellee,
v.
Francis Ronald LEWIS, Sr., Defendant-Appellant.
No. 12855.
Court of Appeal of Louisiana, Second Circuit.
March 15, 1976.
*779 Freeman & Hall by Stacey Freeman, Shreveport, for defendant-appellant.
Wilkinson, Carmody & Peatross by Charles B. Peatross, Samuel W. Caverlee, Shreveport, for plaintiff-appellee.
Before PRICE, HALL and SMITH, JJ.
SMITH, Judge.
This is an appeal by a husband from a judgment of the lower court awarding his estranged wife $1,434 per month as child support and alimony pendente lite.
Prior to a recent raise in pay defendant apparently received a regular net salary of $1,034 monthly from his employment at his brother's record company. In addition to his salary, defendant received at least $100 cash per week from his brother. The evidence shows that since the separation defendant has received a raise of more than $100 per month which nets him an additional $143.59 monthly.
During the marriage the husband delivered his pay in full to his wife. She returned approximately $60 per month to him for his personal use. After the separation and before this proceeding, defendant continued giving his wife the same amount of money he had been giving her before he left the matrimonial domicile.
At first glance it appears that the trial court granted alimony pendente lite for the total net income of the defendant. Closer examination, however, reveals that the award is actually only of defendant's regular net income from salary before he received his pay increase, and the cash payments made to him by his brother. The evidence reveals that these were not his only sources of income.
The trial court obviously assigned little weight to defendant's testimony as to his total income. Mr. Lewis was vague and evasive when questioned about income from sources other than his regular income. Despite questioning at length, the lower court was unable to elicit testimony from Mr. Lewis as to estimates of the amounts of money received from concert ticket sales and record company promotions. The court was obviously perplexed by Mr. Lewis' testimony regarding his living expenses from the time of the separation until trial. Mr. Lewis testified that he lived on cash in his pocket for some three months. Only after *780 extensive questioning on the subject did he admit to having $500 or $600 in his pocket at the time of the separation. He was very evasive about the source of this cash.
Defendant's gross from his regular salary was $1,605 per month. After deductions he was left with $1,144.26. In addition, defendant received $100 per week in cash from his brother. This amounts to $433 per month,[1] and makes his net income from these two sources alone $1,577.59. If this were defendant's only income, he would be left with $143.59 per month for his living expenses after deducting the alimony pendente lite award.
The difficult part of the case is the determination of defendant's outside income. It had been, in times past, in 1974, sufficient to purchase an $800 piano and a $1,100 fur coat for his wife from outside record sales. It had amounted to $500-$1,000 from ticket promotion deals. There were other outside sources of income, interest from savings accounts, almost $1,200 annually, and rent income of $250 annually. Totaling all sources of income reveals an additional annual income, over and above defendant's regular salary, of over $3,500.
LSA-C.C. arts. 148 and 227 provide the basis of alimony pendente lite and child support. The Supreme Court in Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937) set forth the principle that if the amount the wife "needs is proportionate to the husband's means of payment, that amount should be awarded. If, however, the wife's needs exceed the husband's ability to pay, the courts must fix a monthly sum which will as nearly as possible be just and fair to each." This principle was recognized and applied in Thomas v. Thomas, 281 So.2d 471 (La.App., 4th Cir. 1973).
The trial judge is vested with wide discretion in applying these standards for support of minor children and alimony pendente lite, and the award will not be disturbed unless there is clear abuse of discretion. Frazier v. Frazier, 318 So.2d 625 (La.App., 2d Cir. 1975); Jackson v. Jackson, 275 So.2d 456 (La.App., 2d Cir. 1973); Hargrove v. Hargrove, 272 So.2d 394 (La.App., 2d Cir. 1973).
Defendant in the present case failed to claim or to establish any expenses of his own to show inability to meet plaintiff's needs from his means.
In Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936), the Supreme Court explained that Article 148 said nothing about the income or earnings of the husband, stating:
"* * * The word `means' as used in this article refers to the husband's resources and not necessarily to his income.. . . The word `means,' as used in this article of the Code, signifies any resources from which the wants of life may be supplied. The amount necessary for the support of a wife under such conditions as those referred to in this article is a debt which the husband must discharge out of his means, and his means may consist of money in his pocket, cash in bank, income from whatever source, or assets in the way of real or personal property. . . ." Id p. 122
In the instant case the defendant admitted owning stocks as an investment and is a stockholder in five family corporations. He has savings accounts and received about $5,000 refund from a pension account during the past year.
This court awarded alimony of $300 per month in a case where the record disclosed that the husband's only income was $50 per month from royalty payments and he had attempted to find employment without success. During prior years he had earned $3,600 monthly. His whole capacity to earn was considered. See Viser v. Viser, 179 So.2d 672 (La.App., 2d Cir. 1965). This principle was again expressed in *781 Vaughan v. Vaughan, 286 So.2d 416 (La.App., 4th Cir. 1973) where the court stated:
"The jurisprudence of this state has consistently held that, in assessing the amount of alimony pendente lite, the entire financial condition of the husband must be examined. The inquiry is not complete by merely looking at the income of the husband. . . ." Id. p. 417
Considering the total resources of defendantsalary, cash, rent, interest receipts, ticket promotions, outside record sales, stock ownership and savings accountsit cannot be said the trial court abused its discretion in fixing the alimony pendente lite.
In accord with the foregoing reasons, the judgment is affirmed at appellant's cost.
NOTES
[1] Assuming 4.33 weeks per month.