375 So.2d 200 (1979)
Mary Ellen KELLOGG, Plaintiff-Appellee,
v.
Tracy Glenn KELLOGG, Defendant-Appellant.
No. 13913.
Court of Appeal of Louisiana, Second Circuit.
August 27, 1979.
*201 James B. Wells, Bossier City, for plaintiff-appellee.
Shuey, Smith & Fleming by James H. Campbell, Shreveport, for defendant-appellant.
Before PRICE, HALL and JONES, JJ.
JONES, Judge.
The defendant, husband, appeals a judgment against him for alimony pendente lite in the amount of $150 per month and child support for his four children ranging in age from seven to eleven in the amount of $350 per month. In brief he contends that the child support should be reduced to $75 per week, which would amount to a reduction of the monthly child support award from $350 to $325 per month. He seeks a total reversal of the alimony pendente lite award. He contends that the plaintiff earns sufficient money to provide for her own needs and that the child support award exceeds their needs. He further contends that the judgment against him exceeds his ability to pay.
The wife works part time at a fishing camp on Lake Bistineau and receives in compensation for her services a house, rent-free, and utilities and an average of $25 per week. At trial, the wife presented a list of the needs of the children and herself reflecting a monthly expenditure requirement of $986.18. The list included $183 projected as cost for house rent and utilities. Since the wife was receiving for her work these essential living expenses, she acknowledged at trial they should be deducted from her expense list which would then have reflected needs of $803.18.
The husband complains the expense list is totally unrealistic because the wife and children in the past had not been spending this amount of money. He contends they had been living upon $30 per week which the husband was paying under a juvenile nonsupport court order and the wife's earnings, supplemented by welfare and food stamps. While the wife and children had been living on the sources of income and public assistance asserted by the husband, she and the children had been existing with far less than their real needs. A review of the wife's estimation of expenses required for herself and the children establishes that it is entirely reasonable and contains no excessive items of expenses.
Defendant owns his own business and draws a weekly wage of $200 computed upon a basis of $5 per hour for a 40 hour week. This constitutes a monthly earning of approximately $860 and results in his receiving from his business a net of $765 per month. He testified he actually works approximately fifty-seven hours per week but because he only acquired the business in the past year and it is heavily in debt, he draws pay for only 40 hours of his work per week. He introduced a list of expenses reflecting total monthly living expenses of $669 which does not include the $130 he was paying monthly for child support. He individually owns one truck and his business owns one truck and he also owns a motorcycle and a $2,000 boat.
He is living with his girl friend and has employed her in his business and pays her $4 per hour for a total sum of $160 per week. If some reduction in this item of business expense could be made the defendant would be able to draw from his business some pay for the additional hours over 40 that he works.
The husband is operating a motorcycle, which is unnecessary, a business truck and a personal truck, one of which he may be able to do without. The husband has an *202 obligation under LSA-C.C. Art. 148[1] and LSA-C.C. Art. 227[2] to provide the support for his wife and four children and when necessary he is required to reduce his expenses in order to have the funds to pay these high priority obligations. Fortier v. Gelpi, 195 La. 449, 197 So. 138 (1940); Lucas v. Lucas, 157 So.2d 615 (La.App. 2d Cir. 1963). Defendant has no choice in the circumstances he finds himself but to substantially reduce his expenses.
The trial court has much discretion in fixing alimony and child support and the award will not be disturbed unless there is a clear abuse of his discretion. Jackson v. Jackson, 275 So.2d 456 (La.App. 2d Cir. 1973); Bernhardt v. Bernhardt, 283 So.2d 226 (La.1973); Moore v. Moore, 256 So.2d 782 (La.App. 4th Cir. 1972); Kahn v. Kahn, 236 So.2d 654 (La.App. 2d Cir. 1970); Frazier v. Frazier, 318 So.2d 625 (La.App. 2d Cir. 1975); Lewis v. Lewis, 329 So.2d 778 (La. App. 2d Cir. 1976).
The trial judge in setting the amount of alimony and child support has clearly reduced the needs of the wife and her four children to essentials, and her husband has left from his present earnings a net income for his essentials the sum of $265. This net will increase upon payment of the child support and alimony because of the tax deductions that these payments will create. We find no abuse in the discretion of the trial judge.
Judgment is affirmed at appellant's cost.
NOTES
[1] C.C. Art. 148: "If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
[2] C.C. Art. 227: "Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children."