393 So.2d 825 (1981)
Larry Alan ALLBRITTON, Plaintiff-Appellant,
v.
LaVeta Cloud ALLBRITTON, Defendant-Appellee.
No. 14400.
Court of Appeal of Louisiana, Second Circuit.
January 13, 1981.
Love, Rigby, Dehan, Love & McDaniel by William G. Nader, Shreveport, for plaintiffappellant.
Hal V. Lyons, Shreveport, for defendantappellee.
Before PRICE, MARVIN and JASPER, E. JONES, JJ.
JASPER E. JONES, Judge.
Larry Alan Allbritton appeals a judgment increasing his child support obligation to his former wife, LaVeta Cloud Allbritton, from $300 per month to $600 per month for support of his three minor children who are in the permanent custody of his former wife. We affirm.
Appellant contends the needs of the children as set forth in his former wife's affidavit of income and needs which was introduced into evidence are excessive, and that the amount of the child support award exceeds his ability to pay. He further contends that the child support award will require him to pay in excess of 662/3% of the needs of the children which is contrary to the mutual obligation of support owed these children by their respective parents. This contention is apparently based upon appellant's erroneous notion that the child support obligation should be paid equally by each parent.
The mother is a Director of Nursing in a local nursing home and has a net income of $1124. Her list of expenses required to provide for herself and the three children their monthly living requirements reflects a total need of $1899. The mother inadvertently omitted from the list a monthly payment for hospitalization insurance for the children in the amount of $58, and a monthly payment on bunk beds for the children in the amount of $24, and when these omissions are added to the total living expenses, the correct monthly total living expenses for the mother and the three children is the sum of $1981. When the mother's net income is deducted from the living expenses of her family group, there remains a net need not satisfied by the mother's income in the amount of $857.
Appellant complains the rent expense reflected on said list in the amount of $375 is excessive. He, however, admitted at trial that the mother's former apartment location which cost $250 was unsatisfactory and *826 resulted in the children being required to live in a neighborhood where they associated with other children which their father considered undesirable. We note from appellant's list of expenses that he reflects a housing cost for himself alone of $328. The father in effect recommended the move, and though he denies he specifically approve the $375 location, we do not find the mother was extravagant in selecting a new residence which cost $125 more per month than the former undesirable location.
Appellant also complains of an item on the mother's expense list for oil and gas in the amount of $75, which is in excess of the $100 car allowance she receives from her employer, and which is not included on the list of expenses. The mother is required to go back and forth to her place of employment, deliver her children to the day care center, and perform all other necessary errands required in maintaining a family of four. Considering the present cost of automobile operation and maintenance, the additional item for oil and gas in the amount of $75 contained in the monthly expense list is totally reasonable.
Appellant also objects to a $25 item in the expense list for the children's allowance, a $20 item in the expense list for the children's theater and club attendance, a $29 item in the expense list for vacations, and $177 in the expense list for repayment of his former wife's loan obligation. Appellant contends the children do not receive the $25 allowance, that they belong to no clubs, that they do not take vacations, and that he should not be responsible for payment of his wife's loan obligation which he contends were incurred purely due to her unnecessary extravagance.
Without expressing approval of the validity of appellants' contentions, we note that the total of these objections is the sum of $251 and that when they are deducted from the $857 reflected on the list of needs which is not covered by the mother's own income, she still needs the sum of $606 to meet her necessary expenses. Considering all these circumstances the need of the mother for $600 from appellant to provide for the living expenses of the children of this former marriage was clearly established by the record.
Appellant's affidavit of income and expenses reflects that he has a total net income of $1355 and total expenses of $1342, which accepted at face value would tend to establish he has $13 income available to contribute to the support of his three minor children.
We noted in the decision of Kellogg v. Kellogg, 375 So.2d 200 (La.App.2d Cir. 1979), that the father's obligation to provide support for his children is a high priority obligation and that he is required to reduce his living expenses in order to have funds to pay his required child support.
A casual review of appellant's expense list reflects $130 per month for recreation, $30 per month for vacations, and $100 for miscellaneous expenses, all of which items he can easily eliminate in order to have funds for the support of his children. We will not undertake to further review his items of expenses for the purpose of indicating where appellant must make the necessary reductions to meet his child support obligation. It suffices to say that he must make necessary reductions in his living expenses in order to have available from his $1355 net monthly income the sum of $600 to pay his child support.
Appellant's argument that there is error in the child support determination because it results in his paying 662/3% of the support of his children is totally without merit. While the law places a mutual obligation upon parents for the support of the children, the amount that each parent is required to contribute depends upon the circumstances of those who are obligated to pay it. See Prudhomme v. Prudhomme, 381 So.2d 906 (La.App.3d Cir. 1980), and the authorities therein cited.
The trial court has much discretion in fixing child support awards and the award will not be disturbed unless there is a clear abuse of discretion. Kellogg, supra. A review of the respective incomes and expenses of the mother and father of these *827 children does not establish that there has been any abuse of discretion by the trial judge in his determination that appellant herein should contribute $600 per month for the support of his three minor children.
AFFIRMED at appellant's cost.