405 So.2d 1171 (1981)
Carolyn Guidroz NAQUIN
v.
Kenneth J. NAQUIN.
No. 14303.
Court of Appeal of Louisiana, First Circuit.
October 12, 1981.
Stanley L. Perry, Galliano, for plaintiff-appellant Carolyn Guidroz Naquin.
Francis Dugas, Thibodaux, for defendant-appellee Kenneth J. Naquin.
Before COVINGTON, COLE and WATKINS, JJ.
WATKINS, Judge.
This is an action for divorce in which judgment was rendered granting a divorce dissolving the marriage between Carolyn Guidroz Naquin and Kenneth J. Naquin, appellant and appellee in this appeal, respectively, and ordering Kenneth J. Naquin to pay $170.00 per month child support for support of their two minor children, Marz Naquin and Tracie Naquin, payable in the sum of $85.00 on the first of the month and the sum of $85.00 on the sixteenth of the month. The former wife has appealed seeking solely that the amount of child support be increased to $150.00 per month per child.
The parties to the present proceeding were granted a judgment of separation on June 5, 1979, which ordered the payment of $150.00 per month for the two minor children. In the petition for divorce, Mrs. Naquin asked that payments be increased to $150.00 per month per child, or a total of $300.00 per month. As indicated, the judgment of divorce increased child support for the minor children to $170.00 per month, payable by $85.00 on the first of the month and $85.00 on the sixteenth of each month. The date of the judgment of divorce was November 7, 1980.
At trial on the merits held on October 27, 1980, the husband's counsel stated that he had not been served with paragraph 5 of plaintiff's petition, which was the paragraph *1172 requesting an increase in child support. The matter was held over until October 31, 1980, to permit service of paragraph 5 of the petition. The only version of the petition that is in the record was filed June 25, 1980, and contains paragraph 5 requesting an increase in child support. We therefore assume that verbal discussion of counsel concerning the necessity of serving paragraph 5 took place through error on the part of husband's counsel and possibly mutual error of counsel.
In any event, contained in the pleading is an answer, a supplemental petition not directly pertinent for our purposes, and a supplemental answer. No paragraph of the original or supplemental answer either admits or denies the allegations of paragraph 5 of plaintiff's original petition, in which an increase in the amount of child support is sought.
Appellant, Mrs. Naquin, contends on appeal that she is entitled to the full amount of child support sought in her petition ($150.00 per month per child) because (1) the answers filed did not respond to paragraph 5 of the original petition seeking an increase in child support and (2) the trial court abused its discretion when the amount of child support was not increased to the full sum sought, which appellant contends truly reflects the children's needs and the husband's ability to pay.
With respect to the first contention, even if there is no answer, and a default judgment is sought, proof of the demand must still be made. LSA-C.C.P. art. 1702. Thus, the wife was compelled to prove that the children were in need and that the husband had the ability to pay the amount sought. She could not rely simply on the fact that the allegation or contention contained in the petition was not directly answered. Nor, we note, did she in point of fact rely upon the fact the allegation or contention went unanswered. Rather she sought to prove the amount of child support at the trial. It is the obvious opinion of the trial court that she failed in this attempt.
The trial court did not render formal written or oral reasons for judgment. Rather, it simply stated in discussion with counsel in open court at the close of the trial that it did not think there was enough money (in the former husband's and former wife's funds) to go around.
Appellee testified that he had a net income of $840.00 per month. He worked offshore, seven days on and seven days off, and had living quarters and meals furnished free of charge while at work. During the seven days off he lived with his parents to save money. In spite of this, his expenses were in excess of $723.00 per month, plus medical, dental, and hospitalization insurance for the two children that he was obligated to pay under the divorce judgment. The appellant has a net income of $90.00 per week. She lists expenses of $748.00 per month for herself and the two children.
Thus, it appears that the trial court was correct in its observation that there was not enough money to go around.
The wife contends that the husband was obligated to work at a second job during his seven days off. We know of no jurisprudence requiring the party obligated to furnish child support to undertake two separate employments. We note that offshore work with seven days on and seven days off is considered a full time job.
Under the facts presented, we cannot say that the trial court abused its much discretion in setting child support as it did. Allbritton v. Allbritton, 393 So.2d 825 (La. App.2d Cir. 1981).
We affirm the judgment of the trial court, at appellant's cost.
AFFIRMED.