WATKINS, Judge.
This is a rule filed by Corinne McHardy Keife in St. Tammany Parish to increase child support due from her former husband, Gary Michael Keife, from whom she was granted a divorce in St. Tammany Parish dated May 15, 1978. In the present proceeding the former husband was represented by a curator ad hoc as Mr. Keife was living in England. The trial court granted an increase in child support payments to $2,100.00 per month in globo for the three children born of the marriage. Formerly, child support payments were set at $247.50 per month for each of the three children ($742.50 total). From the judgment setting child support at $2,100.00 per month for the three children, Gary Michael Keife has appealed through his curator ad hoc. We affirm.
The curator ad hoc did not timely file a brief on appeal, but rather, was granted until April 12, 1982, to submit a brief, he having verbally expressed an intention not *483 to abandon the appeal. No brief on behalf of appellant has ever been filed, notwithstanding the granting of the additional time to file. We have only appellee’s brief. We will decide the appeal on the record as submitted.
Mr. Keife did not testify at the trial on the rule, nor was a deposition taken from him submitted. We do not know whether or not Mr. Keife maintains his domicile in Louisiana. No jurisdictional question was raised.
When child support was set at the time of the judgment of divorce, the record reveals Mr. Keife’s income was $2,800.00 per month. The testimony of Mr. Overton T. Harrington, who is with the legal department of Mr. Keife’s employer, J. Ray McDermott Company, Inc., reveals Mr. Keife’s present income is $7,413.70 per month. The trial court in oral reasons in fixing child support on the present rule used a rounded figure of $7,400.00 per month. Mr. Keife’s expenses are not known to us, except in an unsworn list of expenses that was properly ruled inadmissible in evidence. Considering that Mr. Keife’s income is approximately $7,400.00 per month, it appears to this court that child support in the amount of $2,100.00 per month is not excessive. In any event, we cannot say that the trial judge abused his discretion. See Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir. 1979); Allbritton v. Allbritton, 393 So.2d 825 (La.App. 2d Cir. 1981).
We, therefore, affirm the judgment of the trial court, at appellant’s cost.
AFFIRMED.