DOMENGEAUX, Judge.
By judgment dated April 17, 1975, appellant, Francis M. Zaunbrecher, was ordered to pay the sum of $200.00 per month for the care, maintenance, and support of the two minor children of his former marriage to the appellee, Hannah E. Casselmann. On August 13, 1982, appellant petitioned the district court to decrease the child support payments he had been making to $100.00 per month since one of the two children for whom he was providing support had attained the age of majority. On August 25, 1982, the appellee filed a rule to have support payments increased to $300.00 per month so that she could properly support her remaining minor child.
Following a hearing on these rules, the district judge ordered Francis Zaunbrecher to pay Hannah Casselmann the sum of $300.00 per month for the care and support of their one remaining minor child. It is from this adverse judgment that Mr. Zaun-brecher has appealed.
Appellant initially alleges that the trial court erred in accepting a list of income and expenses of Hannah Casselmann which was never sworn to or signed by the appellee. He argues that the district court’s acceptance of such an unsubstantiated list constitutes a clear abuse of discretion and does violence to the basic structure of our judicial system.
Appellant’s argument is without merit. Lists of expenses were prepared by both the appellant and the appellee pursuant to the local rules of the 27th Judicial District Court, and were specifically admitted as prima facie evidence subject to cross-examination before the first witness was called to the stand. No objection was ever filed by the appellant to such admissions.
Appellee testified under oath and was cross-examined by appellant’s attorney during the course of the trial. If the appellant had any doubt as to the veracity of the amounts listed by the appellee, his counsel had every opportunity to question the figures on cross-examination. The local rules of the 27th Judicial District Court contain no requirement that a list of income and expenses must be sworn to, notarized, or signed before it may be admitted into evidence. Therefore, we reject the argument put forth by the appellant.
Next, appellant argues that the district court failed to take into account deficiencies present in the appellee’s listing of her income and expenses. Apparently, Mrs. Casselmann has $63.06 deducted per month from her salary for payment of premiums on her employer’s group health insurance plan, yet also pays approximately $100.00 per month for medical expenses. Appellant alleges that these figures are inconsistent, and that one of them must be disregarded.
*295 However, we are unable to find any inconsistency in these amounts. There may be some medical expenses incurred by the appellee which are simply not covered by her medical insurance policy. Once again, the appellant never objected to the introduction of these expenses into evidence during the course of the trial, and thus cannot be heard to dispute them on appeal.
Finally, appellant cites error in the failure of the trial judge to take into account the total means and assets of the appellee as well as his own expenses in evaluating whether or not an increase in child support payments was warranted. He argues that contributions she makes to a retirement plan and a savings plan, as well as money she regularly receives from her parents as an advance upon her inheritance were not taken into account in determining her total assets, and thus that the district court’s award of $300.00 per month in child support payments constituted an abuse of discretion.
The record indicates that the appellee was working as a secretary for the Louisiana Public Service Commission at the time of the trial, earning a gross salary of $857.54 per month and netting $529.69 per month. Besides income tax and social security deductions, she had hospitalization insurance, life insurance, retirement, and savings deducted from her paycheck each month. She also received $266.66 per month in oil royalties in addition to the $200.00 per month child support she had been getting from Mr. Zaunbrecher. In addition, she apparently receives funds from her parents as advances upon her inheritance — she testified that she had obtained some $12,000.00 from them over the previous six to seven years.
On the other hand, the appellant was employed by Halliburton Services, an oilfield service company, earning $2,009.58 per month as a plant operator, and netting $1,471.48 per month. He also receives $2,000.00 to $2,500.00 per year from an interest he inherited in his family’s farm, and gets approximately $1,300.00 per year in oil lease income. He also has an interest in the community property from his second marriage, though at the time of the trial no settlement had been reached regarding such property. Out of these assets, he pays $380.00 per month child support for the children of his second marriage. He has very little fixed expenses.
The jurisprudence has consistently held that the trial judge has considerable discretion in setting child support and such awards will not be disturbed on appeal unless there is a clear abuse of discretion. Ducree v. Thomas, 415 So.2d 1009 (La.App. 4th Cir.1982); Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir.1979). Furthermore, the calculation of child support by a mathematical formula is impossible to make and all of the varying facts and circumstances of each individual case must be taken into consideration in fixing the amounts awarded. Fall v. Fontenot, 307 So.2d 779 (La. App. 3rd Cir.1975).
We feel that the trial judge carefully considered all of the assets and expenses of both Hannah Casselmann and Francis Zaunbrecher in arriving at his conclusions. We are unable to say that his award of $300.00 per month in child support payments for the one remaining minor child of the claimants herein constituted a clear abuse of discretion.
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs are assessed against Francis M. Zaun-brecher.
AFFIRMED.