SCHOTT, Judge.
This appeal is by the mother of two girls, eleven and eight years of age, from a judgment increasing child support from $205 monthly to $390. The issue is whether the trial judge abused his discretion.
*411 Child support at $94 every two weeks was set in May, 1979, when the couple were divorced. At that time appellee’s income was $14,400 per year. In November, 1982, when the present award was made his net monthly income was $1700 and his new wife was earning $884 monthly. Appellant showed that her present household expenses are $1473 monthly of which she attributes $781 to her children. Her new husband was disabled on the job in January and his monthly compensation benefit of $776 is the total family income.
On the other hand, appellee adopted the seven year old daughter of his new wife, she was obviously pregnant when the rule was tried, and she was scheduled to quit work in January, 1983, to have her baby.
Apparently the trial judge did not consider the income of appellee’s new wife since she had just another month to work. Thus, he must have added the $390 of child support awarded to appellant’s family income of $776 for a total of $1166 available to her family and subtracted the $390 from appellee’s family income (as of January) of $1700 for a total of $1310 available to his family (to be increased by one with the birth of his new child).
The trial court’s great discretion in fixing child support will not be disturbed on appeal absent a clear abuse. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir. 1979), and cases cited therein. Although the needs of appellee’s first two children exceed what he has been ordered to pay, he has a new wife and two more children to support. Considering all the circumstances we are not convinced that the trial judge abused his discretion.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.