JASPER E. JONES, Judge.
The plaintiff in this action for child support and exclusive occupancy of the family home is Sue Abercrombie and the defendant is her former husband, Hugh Thomas Abercrombie.[1] After a trial on the merits in this summary proceeding the district judge awarded plaintiff exclusive use of the family home and ordered defendant to pay child support of $225 per month for each of his two children, subject to a credit of $120 per month until the former family home has been disposed of either by sale or community property settlement. The defendant was also ordered to maintain health insurance on the children. The defendant appeals and we affirm.

The Facts

Sue and Hugh were married on July 4, 1970. They have two children, Jill, born December 7, 1973, and Nicholas, born August 20,1978. The parties lived together at Sibley, Webster Parish, Louisiana, until Hugh abandoned the family home in October, 1980.
Following their physical separation the parties reached an informal agreement as to support. Under the initial agreement appellant paid almost his entire net income to Sue. However, they later adjusted their agreement so that appellant was paying Sue $60 per month and the first mortgage on the family home. The total of these two expenditures is approximately $300 per month.
Sue obtained a judicial separation and was awarded custody of the children on January 30,1981. She obtained a judgment of divorce and was again awarded custody on November 6, 1981. Sue did not seek child support in either proceeding because she was satisfied with the informal agreement. Sue and the children have continued to live in the former family home since appellant moved out in October, 1980.
On December 2,1981, appellant borrowed $24,000 secured by a second mortgage on the former family home. From the proceeds of this loan Hugh paid approximately $5,000 to Sue allegedly pursuant to an agreement to purchase her interest in the home subject to her right to remain there as long as she desired.
The plaintiff commenced this action on September 9, 1982. The matter was tried on November 9, 1982.
Appellant was employed at a monthly salary of $1,700 and his monthly net was $1,322.70. Hugh had remarried in April, 1982, and his new wife was unemployed at the time of the trial. Hugh and his new wife were expecting their first child ap *1141 proximately two weeks after the date of the trial. They were residing in a recently purchased house trailer on which they pay monthly payments of $275. Hugh had bought a new car on which the monthly payment is $316. The payments on the loan secured by the second mortgage are $360 per month. The payment on the first mortgage on the family home is $240 per month.
Sue resides in the former family home. She is employed at a salary of $800 per month from which she nets $659.60. She claims total monthly expenses of $2,022.
After the trial on the merits the district judge awarded exclusive use of the family home to plaintiff. He also ordered defendant to pay child support of $225 per month for each child and to maintain health insurance on the children at a cost of $30 per month. The child support payments were made subject to a credit of $120 per month while appellant pays the mortgages on the family home and until “the former marital home has been disposed of either by sale or community property settlement.”
The defendant appeals that judgment and assigns two errors. He contends the district judge erred in: 1) increasing child support without a showing of a change in circumstances justifying the change; and 2) awarding excessive child support. He also contends, without any formal assignment of error, that plaintiff should not have been awarded exclusive use of the former family home.
We amend the judgment slightly for the sake of clarity and as amended affirm the judgment.

Assignment # 1

Appellant relies on the rule that the party seeking a change in child support previously fixed by even a consent judgment must show a change in circumstances supporting an alteration of the prior award. See Cole v. Cole, 338 So.2d 152 (La.App. 2d Cir.1976). He contends this rule should be extended to cases, such as the present, where there is no judgment but only an informal agreement as to child support. Thus, under appellant’s proposed rule, once parties have extrajudicially agreed to an amount of child support any party requesting a change in the amount would be required to show a change in circumstances.
Appellant’s rule would effectively fix child support at the informally agreed upon level. As a consequence parties would have to be much more contentious in negotiating such agreements because of their inaltera-bility without a showing of a change in circumstances. A payor spouse could not initially agree to a generous amount as it could not be reduced if it proved to be an excessive financial strain. Comparably, a payee spouse would be forced to demand the highest amount which might be necessary for support, rather than a lesser amount that would probably be required, as the possibility of obtaining an increase would be foreclosed.
Informal agreements as to child support should be encouraged to the fullest extent possible. The extended rule proposed by appellant would have the contrary effect. The penalty for compromise imposed by appellant’s proposed rule is so harsh that it would virtually destroy the possibility of informal agreement, particularly among knowledgeable parties. We decline to establish this strong disincentive to compromise and cooperation in this area which is already so often characterized by petty disputes and acrimony.
This assignment of error lacks merit.

Assignment # 2

Through this assignment appellant contends that the district judge awarded excessive child support.
Child support is granted in proportion to the needs of the children and the circumstances of the parent who is to pay. Ducote v. Ducote, 339 So.2d 835 (La.1976); Litton v. Lewis, 409 So.2d 1254 (La.App. 2d Cir.1982). The trial judge has much discretion in fixing child support and his award will not be disturbed absent a clear abuse of that discretion. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2d Cir.1979); Silas v. Silas, 399 So.2d 779 (La.App. 3d Cir.1981); writ denied, 404 So.2d 278 (La.1981).
The appellant does not contend that the award exceeds the needs of his children. *1142 He contends that the award is excessive in light of his circumstances and ability to pay.
Appellant contends that the judgment of the district court requires him to pay $960 per month for child support. Appellant calculates his child support obligation under the judgment as follows:
Child support for Jill - $225.00
Child support for Nicholas- 225.00
Health insurance- 30.00
1st mortgage on former family home- 240.00
2nd mortgage on former family home- 360.00
$1,080.00
Less credit for mortgage payments — 120.00
$ 960.00
He argues that by requiring a support payment in this amount from his net income of $1,323 (rounded to nearest dollar) the trial judge improperly favored Jill and Nicholas over his present wife and their child.
The crux of appellant’s argument is his conclusion that the judgment requires monthly child support payments of $960. Appellant’s conclusion is not well founded.[2]
Appellant argues that the entire monthly payment of $360 on the second mortgage should be considered child support. We disagree. This expense arises from a debt contracted by appellant months before this action was even commenced. The proceeds of the loan were used by appellant as he saw fit. The repayment of the loan should not be considered child support merely because it is secured by a mortgage on the former family home where the children reside.
Appellant also considers the entire monthly payment of $240 on the first mortgage as child support. Again, we disagree. This is a contractual obligation created long before this matter arose. The payments innure to appellant’s benefit by building his equity in the home and he receives a credit against child support for the portion of the payment which innures to the benefit of plaintiff’s interest in the home, if any. This monthly payment should not be regarded as child support ordered by the judgment.
We also observe that the monthly cost of health insurance on the two children is deducted from appellant’s gross pay to arrive at his net pay. Thus, it is not, as he contends, an expense paid from his monthly net of $1,323.
The judgment requires appellant to pay only $480 per month in child support and it is on that basis that we must decide whether the award is excessive. Our inquiry is whether the award of $480 per month is so high as to constitute a clear abuse of the trial judge’s much discretion. We think not.
One cannot escape his obligation to pay child support on grounds of financial difficulties of his own making. Moore v. Moore, 380 So.2d 180 (La.App. 2d Cir.1980); Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2d Cir.1982); Laiche v. Laiche, 237 La. 298, 111 So.2d 120 (1959). Cf. Gaidry v. Gaidry, 380 So.2d 644 (La.App. 1st Cir.1979) (one cannot avoid or limit child support by manipulating payments on his debts).
The record shows that both parties have been and will continue to be under considerable financial strain. However’ appellant’s financial distress is the result of his failure to economize in the face of obvious necessity. That the judgment will require appellant to adjust his lifestyle in order to support his children does not make it erroneous. See Kellogg v. Kellogg, supra (husband is required to reduce his expenses so that he can provide child support).
The judgment fairly divides the financial hardships of the situation between appellant’s new family and the children of his prior marriage. This assignment of error is without merit.

Use of the Family Home

Appellant’s final argument is that the former family home is his separate property and that R.S. 9:308 does not, therefore, *1143 authorize the award of exclusive use of the home to plaintiff.
Appellant’s argument rests on two premises: first, that the home is his separate property and second, that R.S. 9:308 does not apply to the separate property of one spouse. Though there is a serious question as to the validity of appellant’s second premise, see Khaled v. Khaled, 424 So.2d 370 (La.App. 2d Cir.1982), we do not reach that question because we find the first premise not established.
It is undisputed that the house was originally community property and there is a presumption to that effect. C.C. art. 2340. Appellant’s claim that the house is his separate property rests on his testimony and is not supported by any writing. Plaintiff admitted that there was an agreement for appellant to acquire her interest subject to her right to remain there as long as she desired but she denied the agreement was ever carried out. Plaintiff testified that she still retained her interest in the home.
The contradicted testimony of a litigant is insufficient to overcome the presumption of community. Cox v. Cox, 398 So.2d 1171 (La.App. 2d Cir.1981). Appellant has not adduced sufficient evidence to support his claim that the house is his separate property. Thus, we must regard the former family home as community property to which R.S. 9:308 applies.
The third and fourth paragraphs of the judgment read as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sue Ellen Smiley Abercrombie is hereby granted the sole and exclusive possession of the former marital home located on South Fifth Street, Sibley, Webster Parish, Louisiana, until such time as the community property may be amicably divided.
The Court, taking into consideration that Hugh Thomas Abercrombie is presently paying all mortgage payments due on the former marital home, and this fact having been taken into consideration in setting the amount of child support to be paid in this case, IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hugh Thomas Abercrombie shall be given credit toward child support in the sum of ONE HUNDRED TWENTY AND NO/100 ($120.00) DOLLARS per month until such time as the former marital home has been disposed of either by sale or community property settlement.”.
In order that the judgment shall provide that plaintiff’s right of occupancy shall terminate upon any partition of the community made in accordance with law (rather than only upon an amicable partition of the community) and so the judgment can clearly provide that appellant shall receive the $120 monthly credit on the child support only so long as he pays the mortgage notes on the former marital domicile and it remains available for occupancy by plaintiff and her children, we have amended the third and fourth paragraphs of the judgment to read as follows:
“IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sue Ellen Smiley Abercrombie is hereby granted exclusive use and occupancy of the former family residence located on South Fifth Street, Sibley, Webster Parish, Louisiana, pending the partition of the community formerly existing between herself and Hugh Thomas Abercrombie.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Hugh Thomas Abercrombie shall be given a credit of $120 per month toward the ordered child support in each month in which he pays the obligations secured by mortgages on the former family home and until the former marital home has been disposed of either by sale or community property settlement.”
As amended the judgment is AFFIRMED. The costs of this appeal are taxed against the appellant.

. The plaintiff also made demands for permanent alimony and injunctive relief which are no longer at issue.

. We amend the portion of the judgment relating to the credit for mortgage payments to insure clarity.