442 So.2d 787 (1983)
Robert A. FOUQUET
v.
Constance Talbot FOUQUET.
No. 83-CA-617.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1983.
Rehearing Denied January 17, 1984.
*788 Bernard M. Plaia, Jr., Metairie, for plaintiff-appellant.
Craig J. Cimo, Gretna, for defendant-appellee.
Before CHEHARDY, DUFRESNE and KLIEBERT, JJ.
DUFRESNE, Judge.
The facts of this appeal are undisputed. The appellant, Robert A. Fouquet and the appellee, Constance Talbot Fouquet were married in New Orleans, Louisiana, on June 3, 1967, and subsequently established their matrimonial domicile in Jefferson Parish. Three children, Troy, Trevor, and Brett, were born of this marriage.
On March 15, 1977, the Fouquets were divorced from a judgment rendered by the district court in Jefferson Parish.
At the time of the final judgment of divorce, the appellee was granted the permanent custody of the three minor children. Thereafter, as the result of a rule to change the custody of the children, the trial court on March 25, 1982, granted the appellant permanent custody over Troy Fouquet and confirmed the previous custodial award of Trevor and Brett Fouquet in favor of the appellee. Additionally, in this judgment, the district court ordered the appellant to pay to the appellee, child support for Trevor and Brett in the amount of $200.00 per month commencing February 15, 1982 and continuing until further orders of the court. Subsequently, the appellee surrendered the physical custody of Trevor Fouquet to the appellant. On May 25, 1982, a consent judgment was filed and entered into the record of the district court awarding the judicial custody of Trevor Fouquet to his father, the appellant, and specifying certain rights of visitation for the appellee. However, the judgment was absent of any pronouncement as to adjustment of child support payable by the appellant.
Shortly thereafter, on June 29, 1982, the appellant filed a rule for child support claiming that he was entitled to receive child support for the two children in his care. This rule was originally set for hearing on July 19, 1982, but was continued on motion of appellee until September 2, 1982. Appellee responded by filing a rule on August 3, 1982, praying that past due amounts of child support be made executory and for contempt.
Appellee urged in her rule that appellant was in arrears in child support since surrendering of Trevor to the appellant.
All issues finally came before the district court on September 2, 1982, at which time, the court ordered that each parent would be responsible for the support of the children in their own household, denying the request of the appellant-father for child support, and the court further made executory in favor of the appellee-mother, the sum of $1200.00 representing delinquent child support. The court did not find the appellant in contempt. From this judgment, Robert A. Fouquet has appealed.
On appeal, the appellant has assigned as errors, the following:
*789 1.) The trial court erred in finding that the appellant was in arrears in child support.
2.) The trial court abused it's discretion in not awarding to the appellant, a reasonable amount of child support.
In delicate matters of child support, the law is clear in this state; the only way a judgment of the court can be extra-judicially modified is where there is a specific agreement between the parties, and the agreement does not act to the detriment of the child. Dubroc v. Dubroc, 388 So.2d 377 (La.1980). Furthermore, we have adopted the general domestic principle in Louisiana; that a child support judgment remains in full force and effect in favor of the party to whom it is awarded until that judgment is modified or terminated by the court. Weatherspoon v. Weatherspoon, 433 So.2d 319 (La.App. 1st Cir. 1983) and Vallaire v. Vallaire, 433 So.2d 315 (La.App. 1st Cir.1983).
Since the record in this case will not support a finding of an agreement between the parties to reduce or modify the child support, nor is there any evidence of a judicial directive, the arrearage is owed.
With regard to the second issue before us on appeal, it is well settled that fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children. L.S.A.-C.C. Art. 227. The degree of support required is determined by the needs of the child as well as the circumstances of those who are obligated to pay, L.S.A.-C.C. Art. 231; Updegraff v. Updegraff, 421 So.2d 1165 (La.App. 2nd Cir.1982).
The trial court, granted much discretion in fixing child support awards, will not be disturbed unless there is a clear abuse of discretion. Bettencourtt v. Bettencourtt, 407 So.2d 804 (La.App. 4th Cir. 1981) and Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir.1979). Considering all the circumstances, we find the award to be properly within the discretion of the trial judge. The trial court had sufficient evidence before it to make a determination under the provisions of Article 231 of the Civil Code.
Accordingly, this assignment of error is without merit.
For the above and foregoing reasons, judgment of the trial court is affirmed.
AFFIRMED.