450 So.2d 755 (1984)
Christine Gandolfi, Wife of Warren M. SIMON, Jr.
v.
Warren M. SIMON, Jr.
No. 83-CA-770.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
*756 Paul S. Fiasconaro, Fiasconardo & Fiasconaro, New Orleans, for plaintiff-appellee.
Birch P. Mc Donough, Mc Donough & Mc Donough, New Orleans, Michael L. Glass, Provosty, Sadley & deLaunay, Alexandria, for defendant-appellant.
Before BOUTALL, KLIEBERT and DUFRESNE, JJ.
KLIEBERT, Judge.
Judgment was rendered on May 27, 1983, signed on June 1, 1983 and amended on June 7, 1983, ordering Warren Simon, Jr., the father, to pay to Christine Gandolfi Simon, the mother, $750.00 per month for the support of Stephanie Lynn Simon and James Warren Simon, the minor preschool children of the marriage. Additionally, the child support payments and the visitation rights were suspended for the month of June 1983 by the judgment rendered on May 27, 1983.
The father brought this devolutive appeal, contending the trial judge erred in setting the child support because he failed to (1) consider the income and circumstances of the wife; (2) require the wife to produce evidence as to the actual expenses attributable to the support of the children, and (3) consider the husband's lack of income and large amount of debts. The mother answered the appeal contending the award was inadequate and the judge erred in suspending the June 1983 payment. We amend the judgment and, as amended, affirm it.
The record shows one of several rules filed for specific visitation rights was tried on the same day as the rule for child support. It is apparent from the record there was considerable animosity between the parents over visitation rights at the time the child support rule was heard.
The evidence submitted at the hearing on April 1, 1983 outlines the respective incomes of the parties. The father is a practicing attorney who, for federal income tax purposes, showed a gross income of $64,117.00 for 1980 and $61,554.00 for 1982, with a net income of $561.00 for 1980 and $3,523.00 for 1981. His business operating statement for the year 1982 shows a gross income of $67,323.96 and a net loss of $7,226.00 and a gross income of $19,855.21 for the first three months of 1983. As to the future, he contends the loss of a major client dims his prospects of future income from the practice of law.
Aside from his law practice, the father owns an undivided one-half interest, along with his first wife, in a home located at 102 Mulberry Drive, Metairie, La., which at the time of the hearing was being offered for sale for $316,000.00. The building was encumbered by a $127,000.00 first mortgage and a $50,000.00 mortgage securing funds owed to his first wife. He also owns a one-half interest in a house at 4700 Chateau Drive, Metairie, La., which is the former residence of he and his second wife. The father is also the payee under an installment sales agreement of his interest in *757 a dairy company. The agreement calls for equal installment payments of $23,706.90 annually between February 1, 1981 and February 1, 1985 with simple interest on the unpaid installments at the rate of 9% per annum. This amounted to $8,233.00 in 1981 and declines each year as the installments are paid. Additionally, the father has a disputed contingent interest in the stock of Iberia Milk Company which is currently being held by his parents. An approximate value of $250,000.00 on the stocks was reflected on a financial statement prepared by the appellant.
The mother is a legal secretary earning $1,250.00 per month before taxes, with a take home pay of $1,007.34. The record indicates the mother has no assets except for her interest in the former family home at Chateau Drive.
When both parties are employed, their comparative salaries and responsibilities are properly utilized in determining the proportion each will bear in supporting the children of the marriage. Ducote v. Ducote, 339 So.2d 835 (La.1976); Dufrene v. Dufrene, 430 So.2d 759 (La.App. 5th Cir.1983). Likewise, the assets of the respective spouses and the reasonableness of their expenses are to be considered in determining the extent of their obligations to their minor children. Kellogg v. Kellogg, 375 So.2d 200 (La.App. 2nd Cir.1979); Casselmann v. Zaunbrecher, 430 So.2d 293 (La.App. 3rd Cir.1983).
In the instant case, the mother earns a little over $1,000.00 per month as a full time legal secretary while the husband is entitled to receive installment payments of $23,706.98 a year plus interest due thereon thru 1985, while maintaining a private practice of law.
According to a list of expenses totalling $2,613.67, the mother's major expenses were $600.00 for rent and $500.00 for food. At the time of the hearing, she was not expending all of the money shown on the list but rather was establishing what her living expenses would be were she to move away from her grandmother's house and establish a residence of her own. We cannot say these expenses are on their face unreasonable.
The husband shows expenses of $3,851.51 attributable to other than his first family and expenses of $1,426.49 attributable to his first marriage. A large part of the expenses are due to mortgage payments, maintenance and insurance payments on real estate which he owns in indivision. The second largest category of expenses he lists are mortgage and insurance payments on automobiles and a boat. It is apparent that it is within the power of the father to reduce his expenses and/or liquidate his assets if his cash flow is not sufficient to meet his support obligations. Vorisek v. Vorisek, 423 So.2d 758 (La.App. 4th Cir.1982); Kellogg v. Kellogg, supra.
While we cannot apply a mathematical formula to determine a dollar value each should contribute, we should and do consider the totality of the relevant circumstances. Petrich v. Petrich, 430 So.2d 829 (La.App. 5th Cir.1983); Prudhomme v. Prudhomme, 381 So.2d 906 (La.App. 3rd Cir.1980).
Based on the record before us, we cannot say the trial judge abused his wide discretion in setting the support amount at $750.00 per month. Absent an abuse of discretion, the lower court's determination of child support should not be disturbed. Kellogg v. Kellogg, supra; Dufrene v. Dufrene, supra; Pittman v. Pittman, 418 So.2d 23 (La.App. 1st Cir.1982).
The trial judge, however, did abuse his discretion in ordering the June 1983 support payment suspended. Although we are in full sympathy with his frustrations over the refusal of the parents to reconcile their differences in the interest of the children, he exceeded his authority in seeking to penalize the mother by suspending the children's support payment for the month of June 1983.
Accordingly, the judgment of the trial court is amended to reverse the portion thereof suspending the father's obligation to make the children's support payment of *758 $750.00 due in June 1983 and, as amended, is affirmed. All costs of the appeal are to be borne by the father.
AMENDED AND, AS AMENDED, AFFIRMED.