KLIEBERT, Judge.
This matter commenced on a rule for custody and child support filed by the father against the mother on August 29, 1986. The father’s rule also requested a termination of a previous $200.00 per month award for support of the child payable by the father to the mother. The mother responded with a rule for joint custody, to make executory $1,000.00 in past due support payments, and to hold the father in contempt of court for failure to make the ordered payments.
Prior to trial on the rule the parties stipulated to joint custody of the child with the father designated as the primary custodial parent. The support and contempt issues were tried contradictorily, after which a judgment was rendered:
1)granting joint custody of the child, with the father designated as the primary custodial parent;
2) dismissing the father’s rule for support;
3) holding the father in contempt and making executory $600.00 in past due support together with $250.00 in attorney’s fees and $100.00 in costs; and
4) suspending imposition of the contempt sentence in order to allow the father to purge himself by timely paying the judgment.
The father perfected this suspensive appeal and now contends the trial court erred in finding him in contempt and in awarding the mother past due child support, attorney’s fees, and costs, as the child was residing with him during the time the alleged obligation accrued and at all times thereafter. He further contends the trial court erred in not ordering the mother to contribute to the child’s support, even if only a token amount. In view of the stipulation the custody issue is not before us. For the reasons hereafter stated we affirm the ruling of the trial court on the support and contempt issues.
FACTS
The parties were married in 1969 and at the time of their divorce in 1978 had only one child, the one who is the subject of this litigation and who is now 16 years of age. Originally support was set at $150.00 per month. When the divorce was rendered the mother was awarded custody of the child and the father was ordered to pay child support of $200.00 per month. Subsequently, by a later consent judgment the father was ordered to continue paying the $200.00 per month and additionally to pay one-half of the child’s tuition and dental bills. The father made all support payments when due until June of 1986, at which time the child, with the mother’s consent, began residing with the father and continued to do so throughout these proceedings. After the child moved in with the father, the father paid all the child’s expenses and stopped making support payments to the wife. This litigation then ensued.
*887 The trial judge gave no written reasons or indication as to the basis for his decision; however, it appears the court terminated the previous support award retroactively to the date the father’s rule for termination was filed (August 29th) and concluded the support payments for the months of June, July and August, totalling $600.00, were due and unpaid and thus rendered judgment as to the arrearage and contempt as set forth above.
Ordinarily, once fixed by a court order, the amount of child support cannot be modified, reduced, or terminated unless effected through a court proceeding, operation of law, or a clear agreement entered into by the parties. Dubroc v. Dubroc, 388 So.2d 377 (La.1980); Ramos v. Ramos, 425 So.2d 989 (5th Cir.1983). In the trial court, the husband urged as a defense to the wife’s rule a “clear agreement” to terminate the support award and payments once the child moved in with him. Although the mother admitted she consented to the child moving in with the father, she denied that she even discussed the termination of the support award. Thus, faced with an apparent credibility choice the trial judge concluded no agreement had been reached to terminate the support award and hence rendered judgment accordingly. Given his great discretion on a credibility call, we cannot say he was manifestly wrong. See Feazell v. Feazell, 445 So.2d 143 (3rd Cir.1984); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
With regard to the final issue raised by the father, i.e., the trial court’s refusal to order the mother to contribute to the child’s support, even if only a token amount, we note that it is well settled that fathers and mothers, by the very act of marriage, contract together the obligation of supporting, maintaining, and educating their children. LSA-C.C. art. 227; Fouquet v. Fouquet, 442 So.2d 787 (5th Cir.1983). The obligation is mutual, and the degree of support to be provided by a parent is determined by the needs of the children as well as the circumstances of those who are obligated to pay. Scheffler v. Scheffler, 453 So.2d 960 (5th Cir.1984); Fouquet, supra. The trial court has much discretion in fixing child support awards, and such awards will not be disturbed by this court in the absence of a clear abuse of discretion. Dominick v. Dominick, 470 So.2d 314 (5th Cir.1985) writ denied 474 So.2d 948; Simon v. Simon, 450 So.2d 755 (5th Cir.1984).
The mother, who has remarried, but since separated, introduced a financial statement which reflects a net monthly income of $601.10 ($476.00 salary and $125.00 towards rent from a roommate). Her modest monthly expenses for rent, utilities, food, medicináis, and personal items easily exceed her income. Outstanding credit accounts exceed $3,500.00. The mother, who suffers from hypertension, averred she is unable at the present time to contribute to the child’s support. The trial judge agreed. We cannot say he erred.
Accordingly, we affirm the trial court’s ruling. Each party to the appeal is to bear his own costs.