569 So.2d 635 (1990)
Lola Moore WATSON, Plaintiff-Appellant,
v.
George HAMPTON, Defendant-Appellee.
No. 21,906-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
Rankin, Yeldell, Herring, & Katz by Alex W. Rankin, Bastrop, for plaintiff-appellant.
Bruscato, Loomis & Street by George E. Lucas, Jr., Monroe, for defendant-appellee.
Before MARVIN and HIGHTOWER, JJ., and LOWE, J. pro tem.
CECIL C. LOWE, Judge pro tem.
Lola Moore Watson filed a Petition to Establish Paternity on March 7, 1988, naming George Hampton as the alleged father of the child Rosalyn Georgette Watson, born August 1, 1983. Additionally, her petition sought child support and medical insurance for the child through Hampton's employer-sponsored medical insurance program.
Trial was delayed three separate times because of conflicts in plaintiff's counsel's schedule and the trial dates. Finally, on December 7, 1989, trial on the merits began, was concluded, and the case taken under advisement.
On December 18, 1989, the trial judge filed his written Reasons for Judgment. After thoroughly considering the evidence adduced at trial, he concluded that Watson established by a preponderance of the evidence that Hampton is the father of the child. He then considered Hampton's ability to pay and the need for support demonstrated by Watson and fixed Hampton's support obligation at $150.00 per month, beginning on December 1, 1989. Formal judgment was signed on January 10, 1990. *636 Neither the Reasons for Judgment nor the Judgment mention insurance for the child.
Watson appeals the judgment and assigns three errors:
1. the trial court abused its discretion by not making the child support award retroactive to the date of the filing of the paternity action;
2. the trial court abused its discretion by setting the amount of child support at only $150.00 monthly; and,
3. the trial court abused its discretion by failing to order Hampton to provide insurance for the child.
For the reasons cited herein, we affirm.

THE LAW
L.R.S. 9:310 provides that an order for child support or alimony shall be retroactive to the date of filing of the action, unless the court finds good cause for not making the award retroactive. The court may fix the date the award is to become effective.
L.R.S. 9:399 deals specifically with paternity actions. It provides in pertinent part:
A judgment for child support against a defendant who has acknowledged paternity after a paternity suit has been filed or has been adjudged in a suit to establish paternity to be the parent of the child for whom support is ordered shall be effective from the date on which the paternity suit was filed. In the event the court finds good cause for not making the award retroactive to the date of the filing of the paternity suit, the court may make the award retroactive to a date subsequent to the filing of the paternity suit, but in no event shall the award be fixed later than the date of the rendition of the paternity judgment.
The district judge did not assign reasons for not making the support judgment retroactive nor was he requested to do so. The judge had wide discretion to order payments to begin as early as March 7, 1988, the date of the filing of the petition or as late as January 10, 1990, the date of the rendition of the judgment. The statutes vest him with this authority and he exercised it. We cannot say the court's discretion was abused. See Cantillo v. Cantillo, 503 So.2d 55 (La.App. 5th Cir.1987); Goins v. Goins, 437 So.2d 947 (La.App. 2d Cir. 1983). Moreover, it is apparent from the record that trial was delayed for over a year because of scheduling conflicts, which in each of three instances involved plaintiff's counsel. Thus, good cause exists in the record. See and compare Cabral v. Cabral, 503 So.2d 144 (La.App. 5th Cir.), writs denied, 505 So.2d 1148, 1149 (1987) for an extreme example of delay constituting "good cause."
Nor can we say that the trial judge abused his great discretion in setting the child support award. Plaintiff points out in brief that the child support guidelines set out in L.R.S. 9:315 were added by Acts 1989, Second Extraordinary Session, No. 9, and became effective October 1, 1989. L.R.S. 9:315.1 A. states:
The guidelines set forth in this Part are to be used in any proceeding to establish or modify child support filed on or after October 1, 1989. There shall be a rebuttable presumption that the amount of child support obtained by the use of the guidelines set forth in this part is the proper amount of child support.
Clearly, then, these guidelines are not applicable to this action which was filed prior to October 1, 1989.
Moreover, we note that the guidelines create a rebuttable presumption only, not an absolute certainty; the trial court is vested with the discretion to deviate from the guidelines in subsections B & C of § 315.1.
On the facts of this record, we cannot say that the trial court abused its great discretion to fix the amount of the child support award. Abercrombie v. Abercrombie, 434 So.2d 1139 (La.App. 2d Cir.), writ denied, 440 So.2d 760 (1983).
As to plaintiff's contention that the trial court abused its discretion by failing to order Hampton to add the child to his employer-sponsored insurance plan, the record reveals uncertainty on Hampton's part as to whether or not his insurance *637 costs would rise if the child was added. In setting the amount of the award, the trial judge certainly took this factor into consideration and resolved the issue against ordering the child added. On the face of the record, this was not an abuse of discretion because the costs are a factor in determining the final award, a prerogative of the trial judge. Abercrombie, supra.
Finally, we note that given the facts of this case, particularly the hiatus between filing and judgment and the intervening statutory changes, plaintiff might have been better served by seeking an increase in child support, a modification to which the guidelines would apply the presumptions. Plaintiff would have had the chance to more fully develop evidence viz a viz the insurance program and its costs, an opportunity foreclosed on appeal.
Finding no abuse of the trial court's great discretion, we affirm, at appellant's cost.