LOBRANO, Judge.
Sandra Perret Saacks (Perret) appeals a judgment awarding her alimony pendente lite retroactively to the date she filed a motion to reset a rule rather than to the date of filing the original rule. This court must decide whether the trial court erred in finding good cause for making the award on a limited retroactive basis.
Perret and Jay Henry Saacks (Saacks) were married on January 21, 1969. Perret filed a Petition for Separation on May 22, 1989 wherein she requested alimony pen-dente lite.
Following an unsuccessful attempt at reconciliation in June 1989, Perret filed a First Amended and Supplemental Petition on December 7, 1989, requesting a 'divorce on grounds of adultery and reiterating her claim for alimony pendente lite.
On December 27, 1989, Saacks filed an Answer and Reconventional Demand. On December 28, 1989, Perret noticed the deposition of Saacks and attached a subpoena duces tecum, requesting financial documents. Saacks made a return on the subpoena duces tecum on January 3, 1990, but allegedly failed to produce many of the requested documents.
At a January 5, 1990 hearing on alimony pendente lite and other issues, Perret moved for a continuance in order to obtain new counsel. The judgment ordered that “the above captioned matter is hereby continued without date to be reset by Sandra Perret Saacks.”
On February 15, 1990, Perret enrolled new counsel and filed a Request for Production of Documents. Saacks allegedly did not respond to this request. On April 5, 1990, Perret filed a Motion to Compel Production of Documents. Following an April 20, 1990 hearing, Perret’s Motion to Compel was dismissed.
The record shows that no activity took place until August 13, 1990 when Perret propounded interrogatories to Saacks. Saacks filed answers to the interrogatories on October 10, 1990.
On December 3, 1990, Perret filed a Motion to Reset her rule for alimony pendente *1134 lite. The rule was set for December 21, 1990. Perret filed a Motion to Continue, and the rule was reset for January 11, 1991. Perret took Saacks’ deposition on December 18, 1990. On January 8, 1991, Perret filed a second Motion to Continue on grounds that discovery was incomplete due to the failure of Saacks and other adverse witnesses to cooperate with her discovery requests. The rule was reset for February 15, 1991. Perret then filed a third Motion to Continue, on grounds that her attorney would be unable to attend the February 15, 1991 hearing.
Trial on the rule was held March 8, 1991. Judgment was rendered awarding Perret alimony pendente lite of $400 per month. The award was made retroactive to December 3, 1990, the date Perret filed her Motion to Reset. The trial court found that Perret’s failure to notify the court of her pending rule for alimony pendente lite until almost a year after she had been granted a continuance on the matter constituted good cause for not making the award retroactive to the date of judicial demand. In addition, alimony pendente lite was not awarded retroactively for the period February 16-March 7, 1991 due to an unnecessary delay caused by Perret’s third request for a continuance.
Perret brought this appeal, challenging the trial court’s finding that good cause existed for not making the award retroactive to the date of her original judicial demand. We affirm and hold that the trial court acted within its discretion in determining that good cause existed for making the award on a limited retroactive basis.
An order for alimony pendente lite is retroactive to the filing date of the petition seeking the support. However, if “the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.” La. R.S. 9:310. Absent a showing of good cause, the statute is mandatory that the award be made retroactive to the filing date. The burden of showing good cause is on the defendant in rule. Broussard v. Broussard, 532 So.2d 281 (La.App. 3rd Cir. 1988).
Perret argues the trial court misapplied the burden of proof by implicitly requiring her to show that good cause did not exist. She further argues that Saacks failed to carry his burden because the “delay reasoning” relied on by the trial court was not her fault. Saacks counters these arguments by asserting that Perret delayed the proceedings by duplicitous discovery and by her failure to reset the rule for almost a year. In support he cites Cabral v. Cabral, 503 So.2d 144 (La.App. 5th Cir.1987), writ denied, 505 So.2d 1148, 1149 (La.1987) and Watson v. Hampton, 569 So.2d 635 (La.App. 2nd Cir.1990).
Initially we note that the record does not contain a transcript of the alimony rule. However, it is clear from the trial court’s oral reasons for judgment that the refusal to make the award retroactive is based on Perret’s failure to reset the rule for almost a year after she was granted a continuance. Perret asserts that any delay was occasioned by Saacks’ failure to cooperate during the discovery process. We find the evidence does not support this assertion.
Perret’s original alimony rule was scheduled for January 5, 1990. On that date, Perret obtained a continuance in order to obtain new counsel. The hearing was continued indefinitely with the notation that it was to be reset by her. Although Perret obtained new counsel in February 1990, she did not file a motion to reset the rule until December 3, 1990, eleven months after she was granted the continuance, and a year from the date of her judicial demand. The record shows that the same trial judge presided over this matter from its inception. He signed all order, presided over all hearings, and decided all discovery matters.[1] There was no discovery or other pleadings filed from April 20, 1990 until August 3, 1990. We also note that there was a “rush” of discovery motions in December 1990 after Perret filed her motion to reset on December 3, 1990.
*1135 Based on these circumstances, we conclude the trial court did not abuse its discretion in the limited retroactive award. On the record before us we must presume that the court correctly placed the burden on Saacks to show good cause and that he satisfied that burden. Cf. Succession of Walker, 288 So.2d 828 (La.1974); Hanley v. Hanley, 381 So.2d 963 (La.App. 4th Cir. 1980), writ den. 383 So.2d 783 (La.1980).
AFFIRMED.
SCHOTT, C.J., dissents with reasons.

. We particularly note that the trial judge on April 27, 1990, denied Perret's motion to compel document production.