GOTHARD, Judge.
This is an appeal of a trial court decision, ordering plaintiff to pay defendant, inter alia, $100 per month towards child support ar-rearages. Defendant appeals the amount as inadequate. For the following reasons, we affirm.
On December 17, 1985, plaintiff-appellee, Harold Butcher, Jr., and defendant-appellant, Mary Beth Lowery Butcher, were granted a divorce. Ms. Butcher was given sole custody of the three minor children, subject to visitation privileges granted to Mr. Butcher. Mr. Butcher was ordered to pay $500 per month in child support, $100 per month in permanent alimony, and provide medical insurance coverage for the children. On September 11, 1986, the judgment was modified, granting the parties joint custody of the children, terminating the permanent alimony and reducing Mr. Butcher’s monthly child support payments to $400. Mr. Butcher fell behind in his child support payments, however, and on November 16, 1992, Ms. Butcher filed a rule to make past due support executory and a rule for contempt and attorney’s fees.
At the December 16, 1992 hearing, Ms. Butcher testified that since August of 1990, Mr. Butcher had only made sporadic child support payments totalling just over $1,000. She stated that prior to August, 1990, Mr. Butcher had been in arrearage of $4,300. Ms. Butcher also testified that although she is gainfully employed, she was evicted from her apartment and had to move in with her parents because her income alone had not been enough to sustain herself and her three minor children.
Mr. Butcher also testified at the hearing and admitted that he was delinquent in his child support payments. He stated that he had recently become employed as a truck driver and took home approximately $400 per week. For three years prior to that, however, he earned substantially less while working for a paper company. Mr. Butcher had also filed bankruptcy and had been laid off from the job he held when the September 11, 1986 judgment (which reduced his monthly child support payments to $400) was rendered. Mr. Butcher also testified that although he was well behind in his child support payments, he had kept in touch with his children and regularly exercised his child visitation rights.
Taking all of the testimony into consideration, including the recommendation of the hearing officer, the trial court rendered its judgment, finding Mr. Butcher not in contempt of the court’s prior order, but in arrears in his child support payments. On January 4, 1993, judgment was rendered in favor of Ms. Butcher, ordering Mr. Butcher to pay $10,485 in arrearages plus interest (made executory); $300 in attorney’s fees; $100 in court costs; continued $400 per month child support; and continued medical insurance coverage for the three children. Ms. Butcher’s sole assignment of error on appeal is that the trial court was manifestly erroneous in ordering Mr. Butcher to pay only one hundred dollars per month toward the amount of past due child support.
Since the December 16, 1992 hearing was not held to establish or modify child support, pursuant to LSA-R.S. 9:315.1(A), the statutorily-imposed guidelines for determination of child support do not apply. It is well settled that in cases where the guidelines do not apply, the trial court has much discretion in fixing child support awards, and such awards shall not be disturbed on appeal unless there is a clear abuse of discretion. LeBlanc v. LeBlanc, 508 So.2d 885 (La.App. 5th Cir.1987); Dominick v. Dominick, 470 So.2d 314 (La.App. 5th Cir.1985), writ denied 474 So.2d 948 (La.1985); Simon v. Simon, 450 So.2d 755 (La.App. 5th Cir.1984). Considering the corresponding factors involved in determining amounts of current child support payments and past child support payments, we find that a trial court is likewise granted much discretion in fixing past child support payments.
Pursuant to LSA-R.S. 46:236.3, the trial court ordered an income assignment to govern the payment of the $10,485 in arrear-ages (at $100 per month) and the ongoing *103 $400 monthly child support payment. Similar to a garnishment, an income assignment directs the employer to withhold a set amount of disposable earnings not to exceed the percentage subject to seizure as defined in LSA-R.S. 13:3881. The maximum amount seizable from Mr. Butcher’s disposable earnings for the payment of current and past due support obligations is 50%. LSA-R.S. 13:3881. At the time of the hearing, Mr. Butcher had been employed as a truck driver for about two months and was taking home approximately $400 per week. Addressing Mr. Butcher during his oral reasons for judgment, the trial judge stated:
... I don’t think that it would serve any purpose to put you in so deep a hole financially that you would never be able to recover from it, or that you would take the alternative that some parents who are derelict in their responsibilities would take, and that would be to abscond. I’d rather see you be given an opportunity to satisfy the arrearages and also to, as of January 1st, through the income assignment order, to pay the amount that you are required to pay in support.
Considering the record in this ease, we cannot say the trial judge abused his wide discretion in setting the amount of the monthly arrearage payments at $100. For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.